HORTON, Chief Judge.
This is an interlocutory appeal from an order granting a temporary injunction.
The appellee filed a complaint which, in essence, alleged that the appellant was picketing appellee’s .place of business for the sole purpose of harassing and intimidating appellee’s employees and that appellant, by threats, intimidation, coercion and violence, has physically assaulted various employees of the appellee who had crossed the picket line.
The testimony before the chancellor failed to disclose any violence on the picket line and there were no occasions or threats of violence by pickets. Delivery trucks had been stopped and pickets had spoken with the drivers who refused to pass the picket line. There was no testimony of physical blocking or a preventing of ingress or egress by trucks or employees. One of appellee’s employees testified to an act of violence when persons grabbed her arms and legs in an effort to induce her to sign a union membership application blank. This act occurred away from the picket line near the witness’ home. There was testimony of telephone calls to appellee’s employees’ homes and another employee testified to a threat made against him in a public park.
Upon the completion of testimony, the chancellor granted a temporary injunction in which he found that there had been violence in connection with the picketing being conducted and ordered:
“That the defendant, its servants, agents, employees, and all persons acting in conspiracy with him be and they are hereby temporarily enjoined and restrained from picketing the plaintiff’s business located at 3321 Northwest 65th Street, Hialeah, Dade County, Florida.
“That the defendant, its servants, agents, employees, and all persons acting in conspiracy with it be and they are hereby temporarily restrained and enjoined from molesting, interfering, coercing or directing any violence towards the plaintiff’s property, its employees, or servants.”
The appellant raises two principal points upon which it relies for reversal, i. e., (1) a state court has no jurisdiction to enjoin peaceful picketing designed to require the employer to recognize a union as bargaining representative where the employer is admittedly engaged in interstate commerce; and (2) isolated incidents of violence do not destroy the peaceful character of picketing.
The appellee concedes the legal correctness of the appellant’s first point but con *29 tends that this was not peaceful picketing. Since the testimony failed to disclose any acts of violence in connection with the picketing, the effect of the chancellor’s order was to enjoin peaceful picketing. Therefore, under this court’s opinion in Amalgamated Clothing Workers of America, Local 694, CIO-AFL. v. Donald S. La Vigne, Inc., Fla.App.1958, 111 So.2d 462, that portion of the chancellor’s order enjoining picketing was error, and is hereby reversed.
It may be that on final hearing different facts and circumstances may be made to appear with reference to the picketing, which would justify a different result.
The temporary injunction restraining and enjoining appellant from molesting, interfering, coercing or directing any violence toward the appellee’s property or employees is affirmed. See Cafeteria Employees Union, Local 302 v. Angelos, 320 U.S. 293, 64 S.Ct. 126, 88 L.Ed. 58; Youngdahl v. Rainfair, Incorporated, 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151.
Affirmed in part and reversed in part.
PEARSON and CARROLL, CHAS., JJ., concur.