.'PEARSON, Judge.
This case arose in the circuit court where -appellees, as plaintiffs, sued North Dade Plumbing, Inc., their former employer, and prayed for an injunction restraining said employer from discriminating against them .because of their union affiliation. The employees also prayed for compensatory and punitive damages. The chancellor found that the courts of this state had no jurisdiction in equity to entertain the complaint, 'because it was a matter exclusively within the jurisdiction of the National Labor Relations Board. No attack is made upon this portion of the order.
The chancellor further provided in the . order dismissing the complaint that it was granted “ * * * reserving and granting to plaintiffs the right to transfer the action to the law side of this court and seek damages at law, if they so elect.” Pursuant to this reservation and a motion of the plaintiffs the chancellor entered an order transferring the cause to the law side. It is this last order from which the appeal is taken. The immediate question is whether there is a residual jurisdiction left in the state courts to determine damages after Congress has preempted the labor relations issue. Upon this question the United States Supreme Court has recently, in San Diego Building Trades Council etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, decided a very similar case.[1] It was held that since the National Labor Relations Board had not adjudicated the status of the conduct for which the state sought to give a remedy in damages and since the activity was arguably within the compass of § 7 or § 8 of the Taft-Hartley Act, 29 U.S. C.A. §§ 157, 158, the state had no jurisdiction to award damages. The State of California had attempted to award damages against a union for premature picketing. Here the state is asked to award damages for alleged discrimination against union members. We think the same reasoning applies in each instance. In each case the National Labor Relations Board has not adjudicated the status of the conduct of which complaint is made and such activity is commended to be within the compass of the act. Therefore the transfer to the law side in the instant case was error. The chancellor should have entered a decree dismissing the cause. The decree appealed is reversed and the cause remanded for the entry of an order in accordance with the view expressed in this opinion.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. But cf. United Construction Workers etc. v. Laburnum Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed.2d 1025; International Union, United Automobile Workers etc. v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030.