132 So.2d 16 (1961)
WOOD, WIRE & METAL LATHERS INTERNATIONAL UNION, LOCAL NO. 345; United Association of Journeymen Plumbers & Steam Fitters of the United States and Canada, Local No. 725; Sheet Metal Workers' International Association Local No. 223; and International Hod Carriers Building and Common Laborers Union of America, AFL-CIO, Local No. 478, Appellants,
v.
BABCOCK CO., a Florida corporation, Appellee.
No. 61-63.
District Court of Appeal of Florida. Third District.
July 31, 1961.
*17 Kastenbaum, Mamber & Gopman, Miami Beach, for appellants.
Mershon, Sawyer, Johnston, Simmons & Dunwody and Wallace I. Garrick, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
HORTON, Judge.
This interlocutory appeal seeks review and reversal of an order temporarily restraining the appellant unions from picketing model homes constructed and offered for sale by the appellee corporation.
The appellee filed a complaint seeking temporary and permanent injunctive relief, and for damages allegedly sustained by the appellee as a consequence of certain alleged unlawful acts of the appellants. The complaint in substance shows that the appellee is the constructor of homes in Dade County and employed unskilled non-union labor but nevertheless paid them the union wage scale; that the appellants are labor unions which first sought, through negotiation, to have the appellee require its unskilled non-union labor to join the union, and upon appellee's refusal so to do, the appellants placed pickets in front of certain model homes offered for sale by the appellee. The complaint contained no allegation of violence, mass picketing or overt acts of coercion, nor do we find any testimony or evidence that such acts were committed. There is likewise no allegation that a union closed shop agreement has been executed or that implementation of such agreement is sought by either of the parties thereto in derogation of the rights of non-union employees protected by the state's right-to-work laws. The complaint does allege that the pickets of appellants "congregated in a threatening manner on the streets and sidewalks near the said model homes." The testimony indicates one of appellants' agents expressed his intention to get appellee's employees in the union by legal or illegal means.
After notice and hearing, the chancellor entered a restraining order in which he prohibited the appellants from (1) any acts in furtherance of any illegal conspiracy; (2) advertising that appellee was unfair to organized labor; and (3) interfering with the business of the appellee by intimidation, coercion or threats.
*18 The appellants' position here is that such acts as are alleged by the appellee and supported by the testimony at the hearing for temporary injunctive relief would or might constitute unfair labor practice as defined by the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., and in that event, state courts would be without jurisdiction. This court has been called upon on several occasions to consider questions similar to that involved here.[1] Suffice it to say that the Supreme Court of the United States has generally construed the Labor Management Relations Act as pre-empting the field in labor matters where the conduct complained of affects interstate commerce and, though the state power has not been exclusively absorbed, the states have been left a very narrow field of operation. Basically, as outlined in United Auto Aircraft & Agr. Implement Workers of America v. Wisconsin Employment Relations Board, 351 U.S. 266, 76 S.Ct. 794, 100 L.Ed. 1162, the state's power in labor relations matters is confined to a prevention of mass picketing, acts of violence and threats of violence. See Allen-Bradley Local, etc. v. Wisconsin Board, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154; United Construction Workers, etc. v. Labernum Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025; Algoma Plywood & Veneer Co. v. Wisconsin Board, 336 U.S. 301, 69 S.Ct. 584, 93 L.Ed. 691. It would appear now to be an established rule that a state court may not enjoin peaceful picketing where it is arguable that the activities complained of are within the purview of the Labor Management Relations Act. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775.
The appellee contends that the action complained of, if acquiesced in, would result in its violation of the state right-to-work law and consequently, the actions of the appellants would be such that state courts would have power to enjoin picketing, the basic aim of which is to coerce a violation of the state law. Since the alleged attempts at coercion were unaccompanied by violence, mass picketing or overt acts of violence, and in view of their character as arguably unfair labor practice as defined under the federal act, we do not see how this case can be distinguished in principle from those which this court has heretofore been called upon to decide.
This decision is further compelled by the decisions of the Supreme Court of the United States in Amalgamated Meat Cutters and Butcher Workmen of North America, Local No. 427, A.F.L. v. Fairlawn Meats, 353 U.S. 20, 77 S.Ct. 604, 1 L.Ed.2d 613, and Local Union 429, International Brotherhood of Electrical Workers, A.F. of L. v. Farnsworth and Chambers Co., 353 U.S. 969, 77 S.Ct. 1056, 1 L.Ed.2d 1133, the latter reversing the Supreme Court of Tennessee on the authority of Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed 546, and Garner v. Teamsters, etc., Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228. The Supreme Court of Tennessee (Farnsworth & Chambers Co. v. Local Union 429, International Brotherhood of Electrical Workers, A.F.L., 201 Tenn. 329, 299 S.W.2d 8) had upheld an injunction against picketing, one of the purposes of which may have been to force the employer to enter into a compulsory union agreement and not the implementation of an already executed agreement allegedly in violation of that state's so-called right-to-work statute. For cases relying upon these United States Supreme Court decisions, see Asphalt Paving, Inc. v. International Brotherhood, etc., 181 Kan. 775, 317 P.2d 349; *19 Douglas Aircraft Co. v. Local Union 379, etc., 247 N.C. 620, 101 S.E.2d 800. Cf. Higgins v. Cardinal Manufacturing, etc., 1961, 188 Kan. 11, 360 P.2d 456, and Sheet Metal Workers, etc. v. Nichols, 1961, 89 Ariz. 187, 360 P.2d 204.
This opinion assumes, however, a fact which does not conclusively appear of record from the testimony and pleadings in this case, the fact being that the appellee's business affects interstate commerce. The bill of complaint does allege affirmatively that appellee is not engaged in a business which affects foreign or interstate commerce. Nevertheless, the court, in considering the application for temporary injunction, appears to have concluded by its statement that appellee's business of constructing homes affected interstate commerce. The appellants sought to proffer testimony establishing the fact that appellee's business affected interstate commerce. The appellee has never strenuously argued in its brief or argument before this court that its business did not affect interstate commerce. On the contrary, the appellee's brief seems to be premised upon the fact that its business does affect interstate commerce and practically all of the authorities cited therein deal with the proposition that assumes the fact of interstate commerce being affected. We think the chancellor was in error in rejecting the proffered testimony which was designed to show that appellee's business affected interstate commerce. But it would serve no useful purpose to remand this case to the trial judge to determine if appellee's business affects interstate commerce when the parties themselves have argued the case before this court, both orally and in their briefs, upon the assumption of fact and authorities dealing with businesses affecting interstate commerce.
It is not the intention of this court's opinion to conclude that the operation of Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A. and the right-to-work statutes enacted by our legislature are rendered impotent in the face of the so-called doctrine of federal pre-emption, and we feel as did Justice Fatzer, as expressed in his concurring opinion in Asphalt Paving v. International Brotherhood of Teamsters, supra, that a ridiculous anomaly arises when states are permitted under their right-to-work laws to enjoin the enforcement of executed union security agreements, where such contracts themselves are in violation of the state laws, but are without authority to prohibit conduct admittedly directed toward the ultimate purpose of securing the execution of such contracts. Here the ultimate purpose was to force the employer to commit an act expressly prohibited by state law.
Concluding as we have, under circumstances depicted by this record, that the construction of the federal act by the last court of resort has resulted in a pre-emption of labor relations where they affect interstate commerce, it follows that the temporary injunction cannot stand. The order appealed is therefore reversed with directions that the bill of complaint be dismissed.
Reversed with directions.
NOTES
[1] Amalgamated Clothing Workers of America, etc. v. LaVigne, Inc., Fla.App. 1958, 111 So.2d 462; International Ladies Garment Workers Union, etc. v. Sherry, Mfg. Co., Fla.App. 1959, 115 So.2d 27; International Hod Carriers', etc. v. Heftler Const. Co., Fla.App. 1959, 116 So.2d 30; North Dade Plumbing, Inc. v. Bowen, Fla.App. 1960, 116 So.2d 790; International Brotherhood of Elec. Workers, Local #349 v. Shires, Fla.App. 1960, 123 So.2d 259; Casteel v. United Brotherhood of Carpenters & Join., Fla.App. 1960, 125 So.2d 123.