SUSAN M. CHEHARDY, Judge.
IgThis suit was brought by plaintiff against defendant insurer for Hurricane Katrina-related damages to his residence located in Des Allemands, Louisiana. The petition was filed on September 13, 2010. Defendant filed an exception of prescription, which the trial court granted on November 14, 2011. Plaintiff appeals. For the reasons assigned, we affirm the ruling of the trial court granting the exception of prescription. In addition, we remand the matter to the trial court to allow the plaintiff to amend and supplement the petition.
FACTS
On the morning of August 29, 2005, Hurricane Katrina came ashore, causing massive damage to an extended area of southeast Louisiana. According to his petition, Lionel Harris, Sr. (“Mr. Harris”) sustained damages exceeding the sum of $74,999.00 to his home, located at 181 Kliner Road in Des Allemands. Mr. Harris alleges in his petition that he purchased a policy of insurance with Louisiana Citizens Property Insurance Corporation (“Citizens”) for any and all hurricane-related damages, from wind or wind-driven rain, up to the replacement value of his home and personal property. Mr. Harris also alleges that he provided Citizens with proper notice and proof of loss, and that Citizens failed to adjust his loss in a timely fashion, or for an amount that would adequately compensate him under the provisions of the policy, in violation of Citizens’ duties of good faith and fair-dealing. Mr. Harris’s petition further alleges that he is a putative member of a number of pending class action lawsuits and, as such, prescription remains suspended on his claims against Citizens.
In response to the petition filed by Mr. Harris, on October 28, 2010, Citizens filed an answer alleging all affirmative defenses available, and a general denial of all other claims made in the original petition. On September 13, 2011, Citizens filed an exception of prescription, which was set for hearing on October 27, 2011. The remainder of the trial court record consists of the memoranda of counsel for Mr. Harris and Citizens arguing their individual theories as to why the exception should be granted or denied, and the transcript of the hearing held on October 27, 2011. No evidence was offered or introduced by either party at the hearing. On November 14, 2011, *209 the trial court issued judgment without reasons, granting the exception of prescription and dismissing Mr. Harris’s petition. Mr. Harris did not file any post-hearing motions.
It is from this decision that Mr. Harris now appeals, citing in brief three assignments of error:
1. Whether the trial court erred as a matter of law in finding that Defendant had met its burden of proof on the issue of prescription, as the face of Plaintiffs petition contained sufficient evidence to support the fact that Plaintiffs claims were not prescribed, as it alleged various class actions served to toll prescription with regard to Plaintiffs claims.
2. Whether the trial court erred as a matter of law in granting Defendant’s Exception of Prescription dismissing, with prejudice, Plaintiffs Hurricane Katrina claims although Plaintiffs suit was not prescribed as he had established that he was a putative class member of one or more timely filed class actions, which served to suspend prescription pursuant to LSA-C.C.P. Art. 596.
|43. Whether the trial court erred as a matter of law in finding that filing of an individual suit results in the forfeiture of the suspension of prescription afforded by the filing of a class action pursuant to LSA-C.C.P. Art. 596, and that Plaintiffs filing of the instant suit served to “opt out” of the class actions of which he is a member.
ANALYSIS
In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous. Carter v. Haygood, 2004-0646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267. On the issue of prescription, the mover bears the burden of proving that the claim is prescribed. Bailey v. Khoury, 2004-0620, p. 9 (La.1/20/05), 891 So .2d 1268, 1275. However, if the petition is prescribed on its face, then the burden of proof shifts to the non-moving party to negate the presumption by establishing a suspension or interruption. Id.
Louisiana jurisprudence recognizes three theories upon which a plaintiff may rely to establish that prescription has not run: suspension, interruption and renunciation. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).
If prescription is interrupted, the time that has run is not counted, and prescription commences to run anew from the last day of interruption. La. Civ. Code art. 3466. By contrast, if prescription is suspended, the period of suspension is not counted toward the accrual of prescription, but the time that has previously run is counted. La. Civ.Code art. 3472.
Adams v. Stalder, 2006-0051, pp. 4-5 (La.App. 1 Cir. 3/17/06), 934 So.2d 722, 725.
In order to determine whether the trial court was manifestly erroneous in its decision to grant Citizens’ exception of prescription, we must initially address the issue of the burden of proof. Citizens’ exception of prescription alleges that the claims made in Mr. Harris’s petition were prescribed on the face of the petition |sand, therefore, the burden was on plaintiff to show that the claims had not prescribed. In opposition to Citizens’ exception, Mr. Harris argues that the petition alleges he is a putative member of eight pending class action suits, and that the pendency of those actions suspended the prescriptive period for the filing of Katrina-related claims against Citizens. He further ar *210 gues that the burden of proof remained on Citizens to prove these claims have expired.
Mr. Harris does not argue in the record before us that the policy of insurance issued by Citizens contained more than the one-year prescriptive period that has been noted in other cases involving Citizens’ policy language and Hurricane Katrina-related claims. See, e.g., Taranto v. Louisiana Citizens Property Insurance Corporation, 2010-0105, p. 8 (La.3/15/2011), 62 So.3d 721, 727. It is likewise undisputed in the present case that Act 802 of the 2006 Regular Session of the Louisiana Legislature extended the one-year prescriptive period for the filing of Hurricane Katrina damages claims to August 30, 2007. Mr. Harris’s suit was filed September 13, 2010. It would appear that despite Mr. Harris’s argument to the contrary regarding the possible suspension of prescription under La. C.C.P. art. 596, the suit at issue was in fact prescribed on its face, as it was clearly filed some three years after the last statutory date allowed. As a result, the trial court correctly found that the burden had shifted to plaintiff to prove that his claim had not prescribed.
It is, therefore, to the question of suspension we now turn, for after the trial court correctly shifted the burden of proof, this was the only avenue available to Mr. Harris to salvage his claim. In the original petition and in his motion in opposition to defendant’s exception of prescription, Mr. Harris argues that because he is a putative member of numerous “pending” class action lawsuits, prescription remains suspended under La. C.C.P. art. 596.
| (¡Louisiana Code of Civil Procedure article 596 provides in part:
A. Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
(1) As to any person electing to be excluded from the class, thirty days from the submission of that person’s election form;
(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
In his original petition, Mr. Harris listed eight class actions of which he claimed he was a putative class member. He alleges that membership in any one of these would have suspended prescription of his otherwise expired claims. However, no class definitions for any of the proposed classes are given in the petition, and no evidence was introduced at the hearing on the exception of any class definitions.
We cannot say from the record before us that Mr. Harris carried his burden of proof, based on the mere allegations in his pleadings that he was a putative member of any of the listed class actions, and the record reveals no evidence offered by him to prove the allegations. La. C.C.P. art. 596(A) provides that the class action petition determines what claims are suspended. Without the introduction of those peti *211 tions, or other evidence proffered at the hearing, to prove 17that Mr. Harris fits the definition of the eight class action suits named in his petition, Mr. Harris failed to carry his burden of proving any possible suspension the eight class action suits listed in the original petition might have provided to his claim.
In plaintiffs memorandum in opposition to Citizens’ exception of prescription, the only class definition given is from the Insurance Master Consolidated Class Action complaint, filed March 15, 2007, in the matter of In Re: Katrina Canal Breaches Consolidated Litigation, No. 05-4182 (U.S.D.C., E.D.La.), and various other Katrina-related lawsuits. Again, however, no actual evidence of the class definition was offered at the hearing.
Mr. Harris argued to the trial court in his memorandum, and assigns as error in his appellate brief, that prescription remains suspended as to his state court claims as a putative member of this class, because the federal class action suit is still “pending” for the purposes of La. C.C.P. art. 596(8). Mr. Harris admits that class certification was denied on June 6, 2009 in In Re: Katrina Canal Breaches Consolidated Litigation, supra. Mr. Harris conceded that, while the federal rules do not require or even allow for the publication of notice in the event class certification is denied, “cross-jurisdictional” tolling should nevertheless be allowed in a state court proceeding.
Mr. Harris argues he should be able to take advantage of the requirement of La. C.C.P. art. 596(3). That would maintain the suspension afforded in state court class action petitions until such time as notice (required by our statutory scheme, but not allowed by the federal rules) is issued. Mr. Harris’s argument, if adopted by this Court, would render the Louisiana statutory scheme regulating class action filings impotent because it would allow suspension to continue indefinitely. In our view, the application of “cross-jurisdictional” tolling in this case would lead to |sabsurd and unintended consequences. We decline to apply that doctrine to these facts.[1]
After carving away Mr. Harris’s faulty reliance on a suspension of prescription by In Re: Katrina Canal Breaches Consolidated Litigation, supra, all that remains are the unsupported allegations in his petition that his membership in a number of undefined state class action cases suspended prescription and allowed him to file a timely claim some three years after the already-extended prescriptive period ended on August 30, 2007, as provided in Act 802 of 2006. Given the lack of evidence introduced to support Mr. Harris’s claims that he was a member of any of the other classes listed in his petition, we cannot say the trial court erred in granting Citizens’ exception.
Because the trial judge failed to issue written reasons for judgment or to state on the record his reasons for granting Citizens’ exceptions, we decline to address *212 the error raised in assignment three in Mr. Harris’s brief. There is no evidence in the record before us to suggest that the trial court considered the “opt-out” issue presented to this Court in Lester v. Exxon Mobil Corp., 09-1105 (La.App. 5 Cir. 6/29/10), 42 So.8d 1071, writ denied, 2010-2244 (La.12/17/10), 51 So.3d 14. Notably, shortly before this opinion was issued, the Louisiana Supreme Court overruled Lester in Duckworth v. Louisiana Farm Bureau Mut. Ins. Co., 11-2835, p. 14 (La.11/2/12), — So.3d -. We have held that the trial court correctly determined the burden in this case, and that Mr. Harris 19failed to carry that burden based on the evidence before us. We see no reason, therefore, to engage in an immaterial exercise on review.
DECREE
For the foregoing reasons, we cannot say that the trial court was manifestly erroneous in finding that Mr. Harris’s claim was prescribed. Accordingly, we affirm the judgment of the trial court sustaining Citizens’ exception of prescription. However, the case is remanded to the district court to allow Mr. Harris an opportunity to amend and supplement his petition.[2] Costs of the appeal are assessed against Mr. Harris.

AFFIRMED AND REMANDED

. Our view on this point is supported by Quinn v. Louisiana Citizens Property Ins. Corp., 2012-0152 (La. 11/2/12), - So.3d -, decided shortly before this opinion was rendered: "To interpret [Article 596] to provide for cross-jurisdictional tolling would not only subvert the purpose of prescriptive statutes, but would render much of the language of Article 596 meaningless when a class action is filed in a jurisdiction other than Louisiana. Our rules of statutory interpretation do not permit us to reach such a result. The distinctions between Louisiana class action procedure and federal class action procedure reinforce our conviction that the legislature, in linking the suspension of La. C.C.P. art. 596 to unique provisions of Louisiana law, did not intend to adopt 'cross jurisdictional tolling.’" Quinn, 2012-0152 at p. 7, - So. 3d-.

. See Quinn, 2012-0152 at p. 10, - So.3d
[[Image here]]