STEPHEN J. WINDHORST, Judge.
| ^Plaintiffs appeal from a decision of the trial court granting exceptions of prescription filed by defendant, Louisiana Citizens Property Insurance Corporation (“Citizens”). For the reasons that follow, we affirm the judgment of the trial court and we remand this matter for further proceedings to allow plaintiffs the opportunity to amend and supplement their petition within twenty-one days of the date of this opinion.
*71 Plaintiffs were insureds of Citizens on August 29, 2005 when Hurricane Katrina made landfall on the Gulf Coast. On July 22, 2009, plaintiffs filed suit for damages alleging that Citizens failed to initiate loss adjustment in a timely manner, failed to tender any undisputed amounts after receiving satisfactory proof of loss, and failed to tender the total amounts due under the policy. Therefore, they were entitled to the amounts due under the policy as well as cumulative penalties and attorneys’ fees.[1] Plaintiffs further contended that they were putative members of the class described in Orrill, et al. v. Louisiana Citizens Property Insurance Company, and that they had executed and mailed “opt out” forms so as to be able to pursue their claims against Citizens individually.[2]
Citizens filed exceptions against each of the plaintiffs, alleging that, based on the Louisiana Supreme Court, in Taranto v. Louisiana Citizens Property Insurance Corporation, 10-0105 (La.3/15/11), 62 So.3d 721, their actions were prescribed.
Plaintiffs responded that there were at least five putative class actions whose petitions describe the same transactions or occurrences from which plaintiffs’ claims arise and whose proposed definitions include the claims of plaintiffs. Pursuant to La. C.C.P. art. 596, these suits serve to suspend the tolling of prescription as to plaintiffs’ claims. These class actions are Christenberry v. Louisiana Citizens Property Insurance Corporation, No. 06-8819, Civil District Court for the Parish of Orleans; Orrill v. AIG, Inc., 05-0888, Civil District Court for the Parish of Orleans; Press v. Louisiana Citizens Fair Plan Property Insurance Company, 06-5530, Civil District Court for the Parish of Orleans; Oubre v. Louisiana Citizens Fair Plan, 625-567, 24th Judicial District Court for the Parish of Jefferson; and The State of Louisiana v. AAA Ins., 07-5528, Eastern District of Louisiana (also known as the “Road Home ” litigation).
After a hearing, the trial court found that plaintiffs’ causes of action were prescribed and rendered judgment in favor of Citizens. In its ruling, the court relied on this court’s holding in Lester v. Exxon Mobil Corp., 09-1105 (La.App. 5 Cir. 6/29/10), 42 So.3d 1071, writ denied, 10-2244 (La.12/17/10), 51 So.3d 14. However, Lester was recently overruled by Duckworth v. Louisiana Farm Bureau Mut. Ins. Co., 11-2835 (La.11/2/12), - So.3d -, 2012 WL 5374248, and thus the | ¡¡trial court’s reliance on Lester constitutes legal error. Accordingly, we review this matter to determine whether, applying the correct rule of law, plaintiffs’ claims are prescribed. Duckworth, supra.
The Louisiana Legislature enacted Act 802 which extended the one-year prescriptive period for filing suit for damages arising out of Hurricane Katrina to August 30, 2007. Lila, Inc. v. Underwriters at Lloyd’s, London, 08-0681 (La.App. 4 Cir. 9/10/08), 994 So.2d 139; Harris v. Louisiana Citizens Property Insurance Company, 12-176 (La.App. 5 Cir. 11/30/12), 106 So.3d 207. Citizens acknowledged that it contractually extended the prescriptive deadline for its insureds to September 4, 2007. The plaintiffs’ petition was not filed until July 22, 2009 and thus is on its face prescribed.
La. C.C.P. art. 596 provides in part:
*72 A. Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
(1) As to any person electing to be excluded from the class, thirty days from the submission of that person’s election form;
(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
[fiPlaintiffs alleged that they are members of timely filed class actions which operate to suspend prescription, namely Oubre, Onill, Press, Christenberry and the “Road Home ” litigation.[3]
When an exception of prescription is heard prior to trial, evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard. Taranto, supra, at 726. In the absence of evidence, an objection of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true. Duckworth, supra at -.
Statutes involving prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Quinn v. Louisiana Citizens Property Insurance Corporation, 12-0152 (La.11/2/12), 118 So.3d 1011, 2012 WL 5374255. The party urging prescription ordinarily bears the burden of proving prescription. Taranto, supra at 726. However, if the petition is prescribed on its face, the burden shifts to the party opposing prescription to show the action is not prescribed. Id.
At the hearing on the exception of prescription filed in this case, no evidence was introduced by either the plaintiffs or defendant. Thus, the merits of the exception must be decided on the facts set forth in the petition, with all of the allegations accepted as true. Williams v. Louisiana Citizens Property Insurance Company, 12-603 (La.App. 5 Cir. 4/10/13), 115 So.2d 27, 2013 WL 1442624.
In order to show that prescription has been suspended by a class action proceeding as provided in La. C.C.P. art. 596, a plaintiff filing an independent suit must establish three facts:
|71) the existence of a timely filed class action proceeding against the defendant;
2) that he or she is a member of the class described or defined in the identified class petition; and
3) that the claims asserted in the independent action arise “out of the transactions or occurrences described” in that petition.
*73 Quinn, supra at 1016.
In their petition, plaintiffs herein asserted that they were putative class members in one class action proceeding, but that they had “opted” out of that proceeding. No class definition is given in the petition, and therefore the class is not described or defined as required by La. C.C.P. art. 596. None of the other classes, in which plaintiffs alleged they are putative members, are listed in the petition. We find that, considering the allegations presented in the petition, and accepting those allegations as true, plaintiffs failed to establish that they were members of any timely-filed class action proceedings. Williams, supra; Harris, supra.
Because their petition was prescribed on its face, the burden shifted to plaintiffs to show that their claims were not prescribed. Absent a stipulation of facts, a contradictory hearing on an exception of prescription is an evidentiary proceeding. At the hearing on the exception of prescription, plaintiffs did not present any testimony or other evidence to support their claims that they were members of Oubre, Orrill, Press, Christenberry, the “Road Home ” litigation, or any other timely filed litigation. Instead, the exception was submitted on oral argument and memoranda of law. Documents attached to memoranda do not constitute evidence and cannot be considered on appeal. Caro v. Bradford White Corp., 96-120 (La.App. 5 Cir. 7/30/96), 678 So.2d 615, 618. Thus, plaintiffs failed to prove that their claims were not prescribed, and because the claim was prescribed on its face, the trial court did not err in granting defendant’s exception of prescription.
18When a court sustains an exception of prescription, it should permit amendment of the plaintiffs pleadings if the new allegations which the plaintiff proposes raise the possibility the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain. Quinn, supra at 1023. Therefore, we remand this matter to allow plaintiffs to amend and supplement their petition to allege facts that would show that their claims have not prescribed within twenty-one days from the date of this opinion. See Harris, supra.
For the above discussed reasons, we affirm the trial court’s judgment granting Citizen’s exception of prescription. We remand this matter to the trial court to allow plaintiffs the opportunity to amend and supplement their petition within twenty-one days of the date of this opinion.
AFFIRMED AND REMANDED

. The plaintiffs named in the petition were Karen Baker, Beverly Butler, Virginia Butler, Gerald Hayes and Thomas Rhodes. Both Hayes and Rhodes settled their claims with Citizens and were dismissed from this suit.

. The "opt out” form is not attached to the plaintiff's petition.

. Citizens also argued in brief that plaintiffs failed to heed the "opt out” deadline of Orrill, and therefore have tacitly agreed to be members of the Orrill class. That issue was not heard or ruled on by the trial judge and will not be discussed in this appeal.