ALEISHA GASTON

VERSUS

WILLIE EARL HARKLESS, INDIVIDUALLY,
AND WILLIE EARL HARKLESS, DDS, D/B/A
"SMILES" FAMILY DENTISTRY AND XYZ
INSURANCE COMPANY

NO. 19-CA-410

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 788-976, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

December 30, 2019

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**
  **JGG**
  **HJL**
  **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
ALEISHA GASTON
    Veleka Eskinde
    Ann M. Johnson-Griffin

COUNSEL FOR DEFENDANT/APPELLEE,
WILLIE EARL HARKLESS, D.D.S., D/B/A "SMILES" FAMILY DENTISTRY
    Donald C. Douglas, Jr.
    Robert G. Harvey, Sr.

**GRAVOIS, J.**

Plaintiff, Aleisha Gaston, appeals a judgment of the trial court sustaining an exception of prescription filed by defendants, Willie Earl Harkless and Willie Earl Harkless, DDS, d/b/a Smiles Family Dentistry, LLC. For the following reasons, we affirm the judgment in part, reverse the judgment in part, and remand the matter to the trial court for further proceedings consistent with this opinion.

<u>FACTS AND PROCEDURAL HISTORY</u>

On September 15, 2017, Dr. Harkless provided dental services to Ms. Gaston. On October 16, 2017, Dr. Harkless and Ms. Gaston began a sexually intimate relationship. According to Ms. Gaston, prior to their first sexual encounter, Dr. Harkless advised her that he did not have any sexually transmitted diseases ("STDs") and protection was not needed. On October 17 or 18, the dates of their second and third sexual encounters, Dr. Harkless gave Ms. Gaston approximately 40 penicillin pills from a supply he kept in his dental office. He did not give Ms. Gaston a specific reason as to why he was supplying her with the medicine; nonetheless, Ms. Gaston took the pills as directed. Because of Dr. Harkless' insistence that Ms. Gaston take the pills, she scheduled an appointment with her gynecologist and was subsequently tested for all STDs. On October 25, 2017, the test results came back as "abnormal." On that date, Ms. Gaston informed Dr. Harkless about the test results, and he denied having an STD (herpes). However, on October 27, 2017, after a second round of tests, Ms. Gaston tested positive for both Herpes Simplex Virus 1 and Herpes Simplex Virus 2. When confronted with the results, Dr. Harkless again denied having herpes. Subsequently, on or about November 2, 2017, hives began to appear all over Ms. Gaston's body. Thereafter, she was diagnosed with a fixed drug reaction to the penicillin given to her by Dr. Harkless. Dr. Harkless' last sexual encounter with Ms. Gaston occurred on or about November 22, 2017.

On October 28, 2018, Ms. Gaston fax-filed a petition for damages alleging two causes of action: 1) intentional exposure and transmission of a sexually transmitted disease; and 2) intentional infliction of emotional distress. In her first claim, Ms. Gaston argued that she did not have a sexually transmitted disease prior to her intimate relationship with Dr. Harkless, and the injuries she sustained were a direct and proximate cause of Dr. Harkless' actions. In her second claim, Ms. Gaston argued that the elements of intentional inflection of emotional distress are evident in Dr. Harkless lying to her about not needing protection and thus intentionally infecting her with an STD. Furthermore, she alleged that the elements of intentional infliction of emotional distress are evident because sometime after February 10, 2018, Dr. Harkless had a person on his staff text an image of him holding a gun to Ms. Gaston in an effort to intimidate her into not taking legal action against him.

On December 17, 2018, defendants filed an exception of prescription. They argued that Ms. Gaston's claims are subject to a one-year prescriptive period and are prescribed on the face of the pleadings. Specifically, regarding the claim of intentional exposure and transmission of an STD, defendants argued that prescription began to run on October 16, 2017, when Ms. Gaston and Dr. Harkless began their sexually intimate relationship, or at the latest, October 25, 2017, when Ms. Gaston received the "abnormal" test results and discussed the results with Dr. Harkless. Either date, defendants argued, is more than one year from the date suit was filed on October 28, 2018. Further, regarding a claim of improper prescription of medication which caused an adverse reaction, defendants argued that the medication was given on October 17 or 18, 2017, well over a year before suit was filed on October 28, 2018.

On February 8, 2019, Ms. Gaston filed a first amending petition for damages, alleging therein as an additional claim that Dr. Harkless was negligent in

prescribing medication on October 17 or 18 that resulted in a fixed drug reaction on November 2, 2017.[1] As a result of the reaction, she was left with dark lesions on her body that are both permanent and highly visible. She claimed that Dr. Harkless' failure to make any inquiries into her medical history and current prescriptions caused the fixed drug reaction. She alleged that the medicine was prescribed in an effort to mask the symptoms of the STD that Dr. Harkless transmitted to her.

The trial court held a hearing on the exception of prescription on April 1, 2019. Neither Ms. Gaston nor her counsel were present at the hearing. At the hearing, defense counsel explained to the court that the hearing on the exception had originally been set for January 23, 2019, and that he had agreed to reset the matter after plaintiff and her counsel did not appear because of alleged service issues. Defense counsel explained that on March 6, 2019, after the matter was reset to April 1, 2019, he sent a copy of the signed order resetting the hearing to April 1, 2019 to Ms. Gaston's counsel by certified mail. On March 13, 2019, defense counsel received by fax a copy of a letter from Ms. Gaston's counsel to the 24th Judicial District Court Clerk of Court concerning the insufficiency of service of defendants' exception of prescription. In the letter, Ms. Gaston's counsel claimed that on March 8, 2019, she received a copy of the order resetting the hearing on the exception of prescription for April 1, 2019. She claimed, however, that she had not been properly served with a copy of the exception of prescription. At the hearing on April 1, 2019, defense counsel stated that he faxed a copy of the exception of prescription to Ms. Gaston's counsel on December 17, 2018, the day he filed the exception with the court.

---

[1] In her motion for leave to file her amended petition, Ms. Gaston noted that on November 1, 2018, she filed a medical review panel request with the Patient's Compensation Fund ("(PCF") concerning a claim that Dr. Harkless prescribed penicillin to her in order to mask the progression of and interfere with the STD test results. The PCF notified Ms. Gaston by letter dated November 14, 2018 that defendants were not qualified under the PCF.

As to the exception of prescription, at the hearing on April 1, 2019, defendants argued that Mr. Gaston's claims are prescribed on the face of the pleadings, and that everything pleaded occurred well over a year before the petitions were filed. No evidence was submitted in support of defendants' arguments. At the conclusion of the hearing, the trial court orally granted the exception of prescription. On April 25, 2019, the trial court signed a written judgment granting the exception and dismissing all claims against defendants with prejudice.

On April 9, 2019, Ms. Gaston filed a motion for a new trial. In her motion, she alleged that the exception of prescription was neither sent by certified mail to her counsel, nor was service effectuated by the Sheriff. She claimed that service remains outstanding and the judgment issued must accordingly be vacated.

Following a hearing on May 22, 2019, the trial court signed a judgment on June 24, 2019 denying the motion for a new trial. This timely appeal followed.

### ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE

In her first assignment of error, Ms. Gaston argues that the trial court erred in finding that she was properly served with the exception of prescription.[2] Specifically, she argues that the trial court's finding that service was proper pursuant to La. C.C.P. art. 1314(A)(4) was wrong. Ms. Gaston argues that the faxed pleading contained a rule to show cause hearing date, and pursuant to La. C.C.P. art. 1313(C), the pleading, and not just the order, must be served by registered or certified mail. She also argues that when service is made by mail delivery or electronic means, the party or counsel making the service shall file a certificate of the manner in which service was made in the record pursuant to La.

---

[2] Ms. Gaston presented the arguments regarding service in her motion for a new trial. While the denial of a motion for a new trial is generally a non-appealed interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. *Occidental Props. v. Zufle*, 14-494 (La. App. 5 Cir. 11/25/14), 165 So.3d 124, 130-31, n. 10, *writ denied*, 14-2685 (La. 4/10/15), 163 So.3d 809.

C.C.P. art. 1313(B). She claims no such certification was filed by defendants into the record of this matter. In the alternative, in her third assignment of error, Ms. Gaston argues the motion for a new trial should have been granted in the interest of justice.

Defendants argue in response that Ms. Gaston admitted to receiving the order setting the hearing date by certified mail. She also admitted to receiving a copy of the exception of prescription. Thus, they argue she was properly served pursuant to La. C.C.P. art. 1313.

La. C.C.P. art. 1313 provides, in pertinent part:

A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:

(1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.

(2) Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.

(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.

(4) Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service. Service by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmission did not reach the party to be served.

B. When service is made by mail, delivery, or electronic means, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.

C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made either by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier.

Ms. Gaston argues that the exception of prescription faxed to her on December 17, 2018 contained a request for a rule to show cause hearing date, and

pursuant to La. C.C.P. art. 1313(C), the pleading, not just the order, must be served by registered or certified mail. By Ms. Gaston's own admission in her motion for a new trial, she received by fax a copy of the exception of prescription on December 17, 2018. Also, by her own admission, she received, by certified mail, a copy of the order resetting the hearing on the exception of prescription to April 1, 2019, as required by La. C.C.P. art. 1313(C). Upon review, we find that the record contains sufficient proof of service of the notice of the hearing on defendants' exception of prescription. Therefore, we find no merit to Ms. Gaston's argument that the judgment dismissing her claims against defendants should be vacated due to insufficient service.

Ms. Gaston also argues that no certificate of service was filed into the record in accordance with La. C.C. P. art. 1313(B). Comment (c) of the Official Revision Comments-1960 to La. C.C.P. art. 1313 states that the certificate is a statement of the method of service, which may be made by endorsement on the pleading served or on a separate page annexed to the pleading. In the present case, the exception that was filed into the record contained a certificate of service with a statement of the method of service and thus met the requirement of La. C.C.P. art. 1313(B).

### ASSIGNMENT OF ERROR NUMBER TWO

In her second assignment of error, Ms. Gaston argues that the trial court erred in granting the exception of prescription. First, she argues that the allegations in the petition are sufficient to state a cause of action for sexual battery which has a prescriptive period of two years. Second, she asserts that the petition stated two distinct causes of action, and the second cause of action was based on wrongdoings by Dr. Harkless that occurred subsequent to December 12, 2017. Finally, Ms. Gaston argues that her claim of negligent prescription of medication that she alleged in her amended petition has not prescribed because the "continuing treatment or relationship rule" interrupted prescription.

In response, defendants argue that the claims set out in the petitions are prescribed on their face. Specifically, defendants argue that Ms. Gaston's claim of intentional exposure and transmission of an STD prescribed a year from October 16, 2017, when Dr. Harkless and Ms. Gaston began their intimate relationship, or at the latest, on October 25, 2017, when she received the "abnormal" test results. Additionally, defendants argue that the claim of negligent prescription of medicine prescribed a year from October 17 or 18, 2017, when Ms. Gaston was given the medication.

The party asserting an exception of prescription bears the burden of proof. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. *McClellan v. Premier Nissan, LLC*, 14-726 (La. App. 5 Cir. 2/11/15), 167 So.3d 934, 935.

At the hearing on the exception of prescription, evidence may be introduced to support or controvert the exception when the grounds for the exception do not appear from the petition. La. C.C.P. art. 931; *Baker v. Louisiana Citizens Property Ins. Corp.*, 12-480 (La. App. 5 Cir. 5/16/13), 119 So.3d 69, 72. When evidence is introduced at the hearing, the trial court's findings of fact are reviewed under the manifest error standard. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and those alleged facts are accepted as true. *Id.*

In the present case, no evidence was introduced by either party during the hearing on the exception of prescription; thus, the merits of the exception of prescription must be decided on the facts set forth in the pleadings, with all allegations accepted as true.

On appeal, Ms. Gaston first argues that all the facts alleged in her first cause of action are sufficient to state a cause of action for sexual battery since she alleged

that Dr. Harkless fraudulently withheld the fact that he had herpes from her. His failure to inform her of his medical condition violated an implied consent on her part when she engaged in sexual relations with him. She argues that her claim for sexual battery is not prescribed because the proper prescriptive period for a claim of sexual battery is a two-year prescriptive period pursuant to La. C.C. art. 3493.10.[3]

> Sexual Battery is defined in La. R.S. 14:43.1 as:
>
> A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, directly or through clothing, when any of the following occur:
>
> (1) The offender acts without the consent of the victim.

Upon review, we find that the facts alleged in Ms. Gaston's petition, as described above, are not sufficient to state a claim of sexual battery as defined in La. R.S. 14: 43.1. Thus, the two-year prescriptive period set out in La. C.C. art. 3493.10 is not applicable to her claims.

As to her first claim in her petition—intentional exposure and transmission of an STD—Ms. Gaston alleged that she began having an intimate relationship with Dr. Harkless on October 16, 2017, but was told by him at that time that he did not have any STDs. The first test results came back "abnormal" on October 25, 2017, and that day, she discussed such results with Dr. Harkless. On October 27, 2017, the results of her second tests showed she tested positive for herpes. Ms. Gaston did not file the instant suit until more than a year later, on October 28, 2018. Ms. Gaston's claim in this regard is subject to a liberative prescription of

---

[3] La. C.C. art. 3493.10 provides:

Delictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, except as provided in Article 3496.2, are subject to a liberative prescription of two years. This prescription commences to run from the day injury or damage is sustained.

one-year pursuant to La. C.C. art. 3492.[4]  We find based on the facts set forth in her petition, Ms. Gaston's claim of intentional exposure and transmission of an STD is prescribed on its face.  Accordingly, we affirm the trial court's judgment granting defendants' exception of prescription as to Ms. Gaston's claim of intentional exposure and transmission of an STD.

As to Ms. Gaston's second cause of action—intentional infliction of emotional distress[5]—Ms. Gaston provided in her petition that she began working at Dr. Harkless' office on December 12, 2017, and on December 28, 2017, after a verbal fight, he refused to pay her for the preceding week of work.  When she returned to work on January 4, 2018, Dr. Harkless threatened to fire her, so she quit the job immediately.  Dr. Harkless also reversed charges on bills he had previously paid for her.  On February 10, 2018, Dr. Harkless texted Ms. Gaston that he would have her charged with fraud.  Shortly thereafter, he had a person on his staff "text an image of him holding a gun to the [p]laintiff in an effort to intimidate her into not reporting negligent behavior of transmitting herpes and continuing a sexual relationship with him."

In her petition, Ms. Gaston alleged that the elements of intentional inflection of emotional distress are evident "due to [Dr. Harkless] lying to [Ms. Gaston] to have unprotected sex and intentionally infect her with and [*sic*] STD."  Furthermore, she alleged that the elements of intentional infliction of emotional distress are evident "due to the intentional nature of Dr. Harkless' having his staff forward a photo of him holding a gun to the [p]laintiff in an effort to intimidate her into not taking legal action against him."

---

[4] La. C.C. art. 3492 provides, in pertinent part: "Delictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  …"

[5] Defendants did not address this claim in their exception of prescription or on appeal.

Claims for intentional infliction of emotional distress are also governed by the one-year prescriptive period for delictual actions in La. C.C. art. 3492. *King v. Phelps Dunbar, L.L.P.*, 98-1805 (La. 6/4/99), 743 So.2d 181, 187.

Accepting the allegations in Ms. Gaston's petition as true, we find that the claim alleged therein regarding the intentional infliction of emotional distress caused by wrongdoings of Dr. Harkless on or after December 12, 2017, the date her employment with Dr. Harkless began, is not prescribed. Thus, the petition is not prescribed on its face, and it was incumbent upon defendants, as movers, to prove that this claim was prescribed. Defendants failed to put forth any evidence to establish that Ms. Gaston's said claim was prescribed. Accordingly, we reverse the trial court's granting of the exception of prescription as to the claim of intentional inflection of emotional distress stemming from Dr. Harkless' alleged wrongdoings after December 12, 2017.

In Ms. Gaston's final cause of action—negligent prescribing of penicillin[6]— Ms. Gaston alleged that Dr. Harkless gave her 40 penicillin pills and advised her to take them, which she did. On November 2, 2017, Ms. Gaston began to experience bright red, itchy hives that were later diagnosed as a fixed drug reaction to the penicillin.

Under La. C.C. art. 3492, delictual actions are subject to a liberative prescription of one year, which commences to run from the day the injury or damage is sustained. *Allday v. Newpark Square I Office Condo. Ass'n*, 12-577 (La. App. 5 Cir. 3/13/13), 113 So.3d 346, 348. Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502, 510. Constructive knowledge is "whatever notice is

---

[6] This cause of action was alleged in Ms. Gaston's amended petition for damages. However, the factual allegations that Ms. Gaston relies on in asserting this claim were all set forth in the original petition.

enough to excite attention and put the injured party on guard and call for inquiry." *Id.* at 510-11. It is well settled that "prescription cannot run against a cause of action that has not accrued or while that cause of action cannot be exercised." *Bailey v. Khoury*, 04-0620 (La. 1/20/05), 891 So.2d 1268, 1275.

Upon review, we find that Ms. Gaston's claim of negligent prescription of medication did not accrue until November 2, 2017, when she first had the reaction to the penicillin. Since this claim is not prescribed on its face, the burden shifted to defendants to prove prescription, and they failed to do so. Accordingly, we reverse the trial court's granting of the exception of prescription as to the claim of negligent prescription of medication.

## CONCLUSION

For the foregoing reasons, the judgment granting the exception of prescription is affirmed in part and reversed in part as set forth in this opinion. Additionally, this matter is remanded to the trial court for further proceedings consistent with this opinion.

## AFFIRMED IN PART; REVERSED IN PART; REMANDED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-410

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
VELEKA ESKINDE (APPELLANT)      ANN M. JOHNSON-GRIFFIN (APPELLANT)      DONALD C. DOUGLAS, JR. (APPELLEE)
ROBERT G. HARVEY, SR. (APPELLEE)

### MAILED

NO ATTORNEYS WERE MAILED