HANS J. LILJEBERG, Judge.
| gin these consolidated cases, plaintiffs, Lionel Williams and Deborah Holmes, appeal the trial court judgments granting the exceptions of prescription filed by defendant, Louisiana Citizens Property Insurance Corporation (“Citizens”). For the following reasons, we affirm the trial court’s ruling, but we remand to allow *29 plaintiffs the opportunity to amend or supplement their petitions.

FACTS AND PROCEDURAL HISTORY

On August 29, 2005, Hurricane Katrina struck the Gulf Coast area and caused extensive damage to much of southeast Louisiana. In September of 2011, plaintiffs each filed suit against their property insurer, Citizens, for breach of contract and breach of the implied covenant of good faith and fair dealing. Both plaintiffs assert that they suffered damage to their property as a result of Hurricane Katrina and that their damages were covered under their “All Risk” homeowner’s insurance policies issued by Citizens. However, they maintain that despite presenting satisfactory proof of loss sustained as a result of the hurricane, Citizens refused to adequately adjust their claims and make payment of the amount of their claims.
In response to plaintiffs’ petitions, Citizens filed exceptions of prescription in each case, asserting that the claims made by Mr. Williams and Ms. Holmes had prescribed. The exceptions came for hearing before the trial judge on December 20, 2011. At this hearing, counsel for plaintiffs and defendant presented argument, but no testimony or evidence was received by the court. At the conclusion of the 1 shearing, the trial judge orally ruled in favor of Citizens, finding that plaintiffs’ claims had prescribed. He issued reasons for judgment on February 6, 2012. Plaintiffs appeal the judgments granting defendant’s exception of prescription.

LAW AND DISCUSSION

On appeal, plaintiffs set forth the following three assignments of error:
1.Whether the trial court erred as a matter of law in finding that Defendant had met its burden of proof on the issue of prescription, as the face of Plaintiffs’ petition did not show the claim was prescribed but instead alleged various class actions that served to toll prescription with regard to Plaintiffs claims.
2. Whether the trial court erred as a matter of law in granting Defendant’s Exception of Prescription dismissing, with prejudice, Plaintiffs’ Hurricane Katrina claims although Plaintiffs’ suit was not prescribed as they had established that they were putative class members of one or more timely filed class actions, which served to suspend prescription pursuant to LSA-C.C.P. art. 596.
3. Whether the trial court erred as a matter of law in finding that filing of an individual suit results in the forfeiture of the suspension of prescription afforded by the filing of a class action pursuant to LSA-C.C.P. art. 596 and that Plaintiffs’ filing of the instant suit served to “opt out” of the class actions of which they are members.
At a hearing on a peremptory exception of prescription pleaded prior to trial, evidence may be introduced to support or controvert the exception. LSA-C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard. Taranto v. Louisiana Citizens Property Ins. Corp., 10-105, p. 5 (La.3/15/11), 62 So.3d 721, 726; Carter v. Haygood, 04-646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267. However, in the absence of evidence, an exception of prescription must be decided upon the facts alleged in the petition with all of the allegations accepted as true. Cichirillo v. Avondale Industries, Inc., 04-2894, p. 5 (La.11/29/05), 917 So.2d 424, 428.
*30 l/Fhe statutes involving prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Bailey v. Khoury, 04-620, p. 9 (La.1/20/05), 891 So.2d 1268, 1275. The party urging prescription ordinarily bears the burden of proving prescription. Taranto, 10-105 at 5, 62 So.3d at 726. However, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. Id.
According to the plain language of LSA-C.C.P. art. 596, a petition brought on behalf of a class suspends prescription as to all members of the class “as described or defined therein.” Duckworth v. Louisiana Farm Bureau Mutual Insurance Co., 11-2835, p. 8 (La.11/2/12), - So.3d -, 2012 WL 5374248. This suspension continues until thirty days after one of three events occurs: 1) a person elects to be excluded from the class by submitting an election form; 2) a person is excluded from the class by the redefinition or restriction of the class (and notice is issued); or 3) the action is dismissed, the demand for class relief is stricken, or class certification is revoked or refused (and notice is issued). Id. The Louisiana Supreme Court has held that the filing of an individual lawsuit, regardless of its timing, does not operate as a request for exclusion from the class and, thus, does not result in the forfeiture of the benefits of suspension provided in LSA-C.C.P. art. 596. Quinn v. Louisiana Citizens Property Insurance Corp., 12-152 (La.11/2/12), — So.3d -, 2012 WL 5374255. See also Harney v. Louisiana Citizens Property Insurance Corp., 12-177 (La.App. 5 Cir. 11/27/12), 106 So.3d 193.
In the present case, no evidence was introduced at the hearing on the exceptions of prescription. Thus, the merits of the exceptions must be decided on the facts set forth in the petition, with all of the allegations accepted as true.
Plaintiffs’ petitions seek damages from Citizens under their homeowner’s insurance policies for damages sustained on August 29, 2005 during Hurricane RKatrina. Act 802 of the 2006 Regular Session of the Louisiana Legislature extended the one-year prescriptive period for the filing of damage claims arising from Hurricane Katrina to August 30, 2007. Mr. Williams and Ms. Holmes did not file their petitions for damages until September 20, 2010, and September 19, 2010, respectively. Thus, plaintiffs’ petitions were not filed prior to the August 30, 2007 deadline for filing Hurricane Katrina damages claims. Accordingly, we must consider whether prescription was interrupted, suspended, or renounced in order to determine if plaintiffs’ claims have prescribed. See Lima v. Schmidt, 595 So.2d 624, 628 (La.1992); and Harris v. Louisiana Citizens Property Insurance Corporation, 12-176, p. 4 (La.App. 5 Cir. 11/30/12), 106 So.3d 207.
Plaintiffs contend that their petitions affirmatively allege facts to show that prescription has been suspended because they were putative class members in eight class action proceedings against defendant. However, a plain reading of plaintiffs’ petitions shows that they did not make such allegations. Rather, the petitions simply state that Citizens was named a defendant in eight listed class actions. Nowhere in the petitions do plaintiffs plead that they were putative members of any class action proceeding. We also note that no class definitions are given in the petition and thus, the classes were not “described or defined” as per LSA-C.C.P. art. 596. Further, there is no mention of whether or not class certification has been granted or denied in these class actions.
To receive the benefit of the suspension of prescription set forth in LSA- *31 C.C.P. art. 596, an individual filing an independent suit must establish three facts: 1) the existence of a timely filed class action proceeding against the defendant; 2) that he or she is a member of the class described or defined in the identified class petition; and 3) that the claims asserted in the independent action arise “out of the transactions or occurrences described” in that petition. Quinn, supra.
^Considering the facts set forth in the petitions and accepting them as true, it is clear that plaintiffs did not establish, or even allege, that they were members of any timely-filed class action proceeding. Thus, their petitions are prescribed on their face, and the burden shifted to plaintiffs to show that their claims have not prescribed. However, plaintiffs did not present any testimony or evidence in support of their position that their claims were timely-filed and viable. Accordingly, we find no error in the trial judge’s ruling granting Citizens’ exceptions of prescription.
In their reply to Citizens’ supplemental brief, plaintiffs ask for the opportunity to supplement and amend their petitions in the event that this Court finds that their petitions “do not adequately support their assertion that class actions served to suspend prescription with regard to their claims” against Citizens. The Louisiana Supreme Court has held that “when a court sustains an exception of prescription, it should permit amendment of the plaintiffs pleadings if the new allegations which the plaintiff proposes raise the possibility the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain.” Quinn, supra, citing Wyman v. Dupepe Construction, 09-817 (La.12/1/09), 24 So.3d 848.
Accordingly, we grant plaintiffs’ request for a remand to allow them the opportunity to amend and supplement their petitions to allege facts that would show that their claims have not prescribed. See also Harris v. Louisiana Citizens Property Insurance Corp., supra. Considering our finding that plaintiffs’ petitions were prescribed on their face and our decision to remand for the plaintiffs to have the opportunity to amend and supplement then-petition, we pretermit discussion of plaintiffs’ remaining issues on appeal.

\ .DECREE

For the foregoing reasons, we affirm the trial court’s judgment granting the exception of prescription filed by Citizens. However, we also-remand the case to the trial court to allow plaintiffs the opportunity to amend and supplement their petition.

AFFIRMED AND REMANDED