HANS J. LILJEBERG, Judge.
¡¡¡Plaintiff seeks review of the trial court’s judgment granting defendant’s exceptions of prescription and lis pendens, and dismissing plaintiffs first supplemental and amending petition for damages. For the following reasons, we affirm the trial court judgment in part, reverse the judgment in part, and remand this case to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Deborah Holmes, asserts that she was the owner of immovable property located at 1730 Creole Street in St. John the Baptist Parish, when Hurricane Katrina struck in August of 2005. Ms. Holmes contends that she suffered damage to this property as a result of the hurricane and that her damages were covered under her homeowner’s insurance policy issued by defendant, Louisiana Citizens Property Insurance Corporation (“Citizens”). On September]^, 2011, Ms. Holmes filed a petition for damages against Citizens for claims arising out of Citizens’ handling of her property damage claims.
On October 28, 2011, Citizens filed an exception of prescription, asserting that Ms. Holmes’ claims were not timely filed and seeking dismissal of her lawsuit. After a hearing on December 20, 2011, the trial court granted Citizens’ exception of prescription. Ms. Holmes appealed the trial court’s judgment and, on appeal, this Court affirmed the trial court’s judgment but remanded to allow Ms. Holmes the opportunity to amend or supplement her petition.[1] Williams v. Louisiana Citizens Prop. Ins. Co., 12-603 c/w 12-604 & 12-605, p. 6 (La.App. 5 Cir. 4/10/13), 115 So.3d 27, 81.[2]
On remand, Ms. Holmes filed a first supplemental and amending petition for damages, alleging that she is a putative member of the following class actions:
1) Orrill v. AIG, Inc., et al., No. 2005-11720, filed on October 2, 2005 in the Civil District Court for the Parish of Orleans;
2) Oubre v. Louisiana Citizens Fair Plan Property Insurance Corporation, No. 625-567, filed on November 18, 2005 in the 24th Judicial District Court;
3) Press v. Louisiana Citizens Property Insurance Corporation, No. 2006-5530, filed on June 27, 2006 in the Civil District Court for the Parish of Orleans;
4) Christenberry v. Louisiana Citizens Property Insurance Corp., No. 2006-0819, filed August 25, 2006 in the Civil District Court for the Parish of Orleans;
5) Buxton v. Louisiana Citizens Prop. Ins. Corp., No. 2006-08341, filed on August 25, 2006 in the Civil District Court for the Parish of Orleans;
6) Chalona v. Louisiana Citizens Prop. Ins. Corp., No. 107-125, filed on August 25, 2006 in the 34th Judicial District Court;
h7) State, et al. v. AAA Insurance, et al., No. 2007-8970, filed on August 23, *803 2007 in the Civil District Court for the Parish of Orleans, commonly referred to as the “Road Home” litigation.
In her supplemental and amending petition, Ms. Holmes alleges that she has not opted out of these class action suits and that prescription is suspended as to her claims that are covered under these class actions, pursuant to La. C.C.P. art. 596(A).
In response, Citizens filed exceptions of lis pendens, res judicata, and prescription. A hearing on the exceptions of lis pendens and prescription was held on December 5, 2013.[3] On January 15, 2014, the trial court rendered a judgment granting Citizens’ exception of prescription as to all claims alleged in Ms. Holmes’ petition that are not covered by the Orrill, Oubre, Press, and Christenberry class actions. The trial court also granted Citizens’ exception of lis pendens as to Ms. Holmes’ claims that are included in the Orrill, Oubre, Press, and Christenberry class actions. The trial court found that because Ms. Holmes is a putative class member of these remaining class actions and has not opted out of the classes, lis pendens applies, as judgments in these class actions would have res judi-cata effect on Ms. Holmes’ individual lawsuit if it was allowed to proceed. Ms. Holmes appeals.

LAW AND DISCUSSION

Exception of Prescription

On appeal, Ms. Holmes contends that the trial court erred as a matter of law by granting Citizens’ exception of prescription as to her Buxton, Chalona, and Road Home claims. She argues that, pursuant to La. C.C.P. art. 596(A), the applicable prescriptive period was suspended by the timely filing of these class action lawsuits of which she is a putative class member. She contends that 1 fiCitizens did not introduce evidence to refute her contention that she may rely on the Road Home, Buxton, and Chalona class actions to suspend prescription of her claims.
Pursuant to La. C.C.P. art. 931, at a hearing on a peremptory exception of prescription pleaded, prior to trial, evidence may be introduced to support or controvert the exception. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard. Williams, 12-603 at 4, 115 So.3d at 29; Carter v. Haygood, 04-646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267. In the absence of evidence, an exception of prescription must be decided on the facts alleged in the petition, with all of the allegations accepted as true. Cichirillo v. Avondale Industries, Inc., 04-2894, p. 5 (La.11/29/05), 917 So.2d 424, 428.
La. C.C.P. art. 596(A) provides that a petition brought on behalf of a class suspends prescription as to all members of the class as described or defined therein. Williams, 12-603 at 5, 115 So.3d at 30; Duckworth v. Louisiana Farm Bureau Mutual Insurance Co., 11-2835, p. 15 (La.11/2/12), 125 So.3d 1057, 1065. La. C.C.P. art. 596(A) further provides that this suspension continues until 30 days after one of three events occurs: 1) a person elects to be excluded from the class by submitting an election form; 2) a person is excluded from the class by the redefinition or restriction of the class (and notice is issued); or 3) the action is dismissed, the demand for class relief is stricken, or class certification is revoked or refused (and notice is issued). Duckworth, 11-2835 at 15, 125 So.3d at 1065-1066.[4] These three *804 events are the exclusive statutory triggers for recommencing [7the accrual of libera-tive prescription on the claims of those persons described or defined in the class action petition. Harney v. Louisiana Citizens Property Insurance Co., 12-177 (La.App. 5 Cir. 11/27/12), 106 So.3d 193. The filing of an individual lawsuit, regardless of its timing, does not operate as a request for exclusion from the class and thus, does not result in forfeiture of the benefits of suspension provided in La. C.C.P. art. 596. Id.; Williams, 12-603 at 5, 115 So.3d at 30.
To receive the benefit of the suspension of prescription set forth in La. C.C.P. art. 596, an individual filing an independent lawsuit must establish: 1) the existence of a timely filed class action proceeding against the defendant; 2) that he is a member of the class described or defined in the identified class petition; and 3) that the claims asserted in the independent suit arise out of the transactions or occurrences described in that petition. Williams, 12-603 at 7-8, 115 So.3d at 30-31; Quinn v. Louisiana Citizens Property Insurance Corp., 12-152, p. 9 (La.11/2/12), 118 So.3d 1011, 1016.
Citizens did not introduce any evidence pertaining to the Road Home, Buxton, or Chalona class actions at the hearing on its exception of prescription. Thus, the trial court was required to decide the exception based on the facts alleged in the petition, with all of the allegations accepted as true. The trial court granted Citizens’ exception of prescription as to plaintiffs Road Home, Buxton, and Chalona claims. We will address the Road Home claims first.
| sIn her first supplemental and amending petition, Ms. Holmes asserts that she is a putative class member of the Road Home litigation, and that the filing of this class action in a Louisiana state court triggered the suspension of prescription. She further asserts that no notice regarding class certification has been provided to the putative class members of the Road Home class action and that, pursuant to La. C.C.P. art. 596, the suspended period has not terminated and prescription has not begun to run again.
Although no evidence pertaining to the Road Home litigation was submitted at the hearing on Citizens’ exception of prescription, the parties agree and the jurisprudence confirms that the Road Home litigation was originally filed in Louisiana state court but was later removed to federal court.[5] In his reasons for judgment, the *805 trial judge found that since the Road Home litigation is pending in federal court, Ms. Holmes may not -rely on that case for suspension of prescription on her claims in state court. In support of his ruling, the trial judge cited Quinn v. Louisiana Citizens Property Ins., supra, in which the Louisiana Supreme Court rejected “cross-jurisdictional tolling” and held that the provisions of La. C.C.P. art. 596 do not suspend prescription on claims asserted in a putative class action filed in federal court.
However, subsequent to the trial court’s ruling in the present case, the Louisiana Supreme Court, in Smith v. Transport Services Co., 13-2788 (La.7/1/14), 148 So.3d 903, addressed the applicability of the Quinn decision and the issue of prescription as it relates to a class action filed in a Louisiana state court but subsequently removed to federal court. The Louisiana Supreme Court held that | flwhen a case is filed in a Louisiana state court, removal to federal court has no effect on the suspension of prescription under La. C.C.P. art.v 596. Smith, 13-2788 at 9, 148 So.3d at 909. The Court further stated that even if the case is removed to federal court, prescription cannot recommence until one of Article 596’s triggering events has occurred. Id.
In the present case, Ms. Holmes alleges in her first supplemental and amending petition that she is a putative class member of the Road Home litigation, which was filed in a Louisiana state court, thereby suspending prescription for all putative class members. The case was subsequently removed to federal court. There is no evidence in the record before us to indicate that any of the three “exclusive statutory triggers” set forth in La. C.C.P. art. 596(A) has occurred since the filing of the Road Home litigation in state court. Therefore, pursuant to the recent guidance provided by the Louisiana Supreme Court in Smith, supra, we find that prescription has never commenced to run again. Accordingly, we find that the trial court erred by granting Citizens’ exception of prescription as to Ms. Holmés’ Road Home claims. We reverse this ruling and remand for further proceedings.
With regard to Ms. Holmes’ Buxton and Chalona claims, the trial court found that these claims were prescribed, based on Taranto v. Louisiana Citizens Prop. Ins. Corp., 10-105 (La.3/15/11), 62 So.3d 721, which the trial court interpreted to hold that a plaintiff only had until May 31, 2009, to timely file an individual lawsuit asserting a Buxton or Chalona claim.[6],[7] However, this Court | inrecently in Harris v. Louisiana Citizens Prop. Ins. Co., 14-120 (La. *806 App. 5 Cir. 10/29/14), 164 So.3d 216, in dicta, found that because Citizens never issued the required notice under La. C.C.P. art. 596 in the Buxton case, a plaintiffs individual Buxton claim still lies. This Court stated:
To the extent that defendant argues that Taranto v. Louisiana Citizens Property Insurance Corp., supra, should be interpreted to find that plaintiff only had until May 31, 2009, to file his individual suit for damages arising out of his Bux-ton claims, we disagree. First, prescription is not before us as no party has appealed that portion of the trial court judgment. Second, while the defendant in the Chalona suit disseminated the requisite notice in April of 2008 to establish a prescriptive date for Chalona claims — as discussed and was dispositive of the issue in Taranto (wherein the Louisiana Supreme Court specifically held “[p]laintiffs, who were putative members of the Chalona class action, had until May 31, 2009 to file suit”) — the defendant in the Buxton suit never provided notice of the denial of class certification to the putative class members (Justice Knoll, in her concurring opinion in Taranto, pointed out that, although not dispositive in that case, “[pjertinently, Buxton was denied class certification on August 9, 2007, but no order to notify the class was issued.”) Thus, plaintiffs Buxton claims still lie as they are not prescribed under the clear language of La. C.C.P. art 596. (See Quinn v. Louisiana Citizens Property Ins. Corp., 12-0152 (wherein the Louisiana Supreme Court, in discussing the suspension and recommencing of prescription in a class action suit, stated that its analysis was “both constrained and defined by the express words of La. C.C.P. art. 596, which extends the benefits of suspension [of prescription]-and sets forth detailed provisions directing when prescription begins to run again ...”) and Duckworth v. Louisiana Farm Bureau Mutual Ins. Co., 11-2835 (La.11/2/12), 125 So.3d 1057, 1066 (wherein the Louisiana Supreme Court, again constrained by the express language provided in La. C.C.P. art. 596, found that “prescription, once suspended, does not recommence ... until the requisite notice is issued”)).
Harris, 164 So.3d at 222, n. 12.
We agree with the trial court that plaintiffs Chalona claims are prescribed, because the Louisiana Supreme Court clearly indicated in Taranto, supra, that |! putative members of the Chalona class had until May 31, 2009 to file an individual suit, and Ms. Holmes did not file her Cha-lona claims by that time. Accordingly, we affirm the ruling of the trial court granting Citizens’ exception of prescription as to Ms. Holmes’ Chalona claims.
However, considering this Court’s recent opinion in Harris, supra, noting that the defendant in Buxton failed to issue the required notice of the denial of class certification, that none of the three triggering events in La. C.C.P. art. 596(A) have occurred, and that prescription never began to run again, we find that Ms. Holmes’ Buxton claims have not prescribed. Accordingly, the trial court erred in its judgment by granting Citizens’ exception of prescription as to Ms. Holmes’ Buxton claims, and we reverse that ruling.

Exceptions of Lis Pendens

On appeal, Ms. Holmes argues that the trial court erred by granting Citizens’ exception of lis pendens as to her • Orrill, Oubre, Press, and Christenberry claims. She asserts that evidence is required to prove lis pendens, but there was no evidence presented in support of Citizens’ exception of lis pendens. She further argues that although there may be some *807 overlapping of her individual suit and these class actions, a judgment in one of the class actions would not have res judi-cata effect on her individual lawsuit.
Citizens responds that it did submit evidence in support of its exception of lis pendens, including the petitions and some other supporting documents pertaining to the Orrill, Oubre, Press and Christenberry class actions, when it filed a motion to introduce exhibits, which was granted by the trial court. Citizens further asserts that because Ms. Holmes insists that she is a putative member of these four class actions in an effort to avoid prescription, she must pursue her 11?claims in those class actions, as all of the requirements of lis pendens have been met.
La. C.C.P. art. 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Thus, for a finding of lis pendens under La. C.C.P. art. 531, the following is required: 1) two or more suits pending in a Louisiana court or courts; 2) on the same transaction or occurrence; and 3) between the same parties in the same capacities. Harris, supra. The test to determine if an exception of lis pendens should be sustained is the same as that for res judicata; thus, an exception of Us pendens should be sustained if a final judgment rendered in the first suit would be res judicata in the second suit. Id.; United Gen. Title Ins. Co. v. Casey Title, Ltd., 01-600 (La.App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065.
In the present case, the trial court granted Citizens’ exception of lis pendens as to Ms. Holmes’ Orrill, Oubre, Press, and Christenberry claims, finding that a judgment in these class actions would have res judicata effect on her claims in her individual lawsuit if it were allowed to proceed. We agree with the trial court.
Recently, in Harris v. La. Citizens Prop. Ins. Co., supra, this Court addressed this identical issue and found that a plaintiff who asserts that he is a putative class member of the Orrill, Oubre, Press, or Christenberry class actions, and relies on them in order to suspend prescription, is bound by any judgment rendered in those class actions. Thus, because any judgment rendered in those named class actions would be res judicata to the identical claims asserted in the plaintiffs individual action, Us pendens applies to those claims. This Court noted 113that La. C.C.P. art. 597 provides that any judgment rendered in a class action suit is conclusive as to all class members, whether joined as parties or not. Harris, supra at 220-221.
In the present case, plaintiff asserts that she is a putative class member of the Orrill, Oubre, Press, and Christenberry class actions in order to secure the benefit of suspension of prescription pursuant to La. C.C.P. art. 596. In this case, just as in Harris, we find that any judgment rendered in those class action suits would be res judicata to the identical claims raised in Ms. Holmes’ individual lawsuit. Accordingly, because any judgment rendered in the Orrill, Oubre, Press, or Christenberry class action suits would be res judicata to the identical claims in plaintiffs individual suit, we find that lis pendens applies.
Accordingly, we affirm the trial court’s ruling granting Citizens’ exception of lis pendens as to Ms. Holmes’ Orrill, Oubre, Press, and Christenberry claims.

*808
DECREE

For the foregoing reasons, we reverse the trial court’s ruling granting Citizens’ exception of prescription as to Ms. Holmes’ Road Home and Buxton claims, but we affirm the trial court’s ruling granting the exception of prescription as to Ms. Holmes’ Chalona claims. We further affirm the trial court judgment granting Citizens’ exception of lis pendens as to Ms. Holmes’ Orrill, Oubre, Press, and Christenberry claims. This case is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. Ms. Holmes' first appeal was consolidated with an appeal filed by another alleged putative member of several class actions, Lionel Williams, and another appeal filed by Ms. Holmes.

. In its opinion, this Court noted that although plaintiff argued that her petition affirmatively alleged facts to show that prescription had been suspended by the filing of several class action lawsuits, a reading of the petition revealed that plaintiff failed to allege that she was a putative class member of the various class actions and failed to provide any class definitions or descriptions. Williams, 12-603 at 7, 115 So.3d at 30.

. Hearing of the exception of res judicata was deferred to a later date.

. La. C.C.P. art. 596(A) provides:
Liberative prescription on the claims arising out of the transactions or occurrences *804 described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
1) As to any person electing to be excluded from the class, thirty days from the submission of that person’s election form;
2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that tlje action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

. See Ansardi v. La. Citizens Prop. Ins. Corp., 11-1717 c/w 12-166 (La.App. 4 Cir. 3/1/13), 111 So.3d 460, 469, in which the Fourth Circuit noted that the Road Home litigation was originally filed in Orleans Parish Civil District Court, Docket No. 2007-8970, on August 23, 2007, but was subsequently removed to the United States District Court for the Eastern District of Louisiana, Docket No. 07-5528. See also Harney, 12-177 at 3, 106 So.3d at 195.

. See also Ansardi, 11-1717 at 13, 111 So.3d at 468, in which the Fourth Circuit stated that “the Chalona class restriction encompassed the putative Buxton class definition.”

. The Buxton putative class was defined as:
All present or past insureds of LOUISIANA CITIZENS FAIR PLAN who filed a claim for coverage benefits pursuant to their policy of insurance with LOUISIANA CITIZENS FAIR PLAN after August 29, 2005, and who have yet to have a proper loss adjustment of their property damage, and/or who have not been timely paid for their property damages after providing satisfactory proof of loss, pursuant to the time constraints allowed by law.
The Chalona putative class was defined as:
All present or past insureds of Louisiana LCPIC Property Insurance Corporation a/k/a LOUISIANA LCPIC FAIR PLAN, hereinafter referred to as "LCPIC” who, on or after August 29, 2005, provided notification of loss resulting from Hurricane Katrina and/or Rita to LCPIC, notwithstanding whether loss adjustment was initiated within thirty (30) days after notification of loss, whose claims were not followed by a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss.