MARCO OUTDOOR ADVERTISING, INC.

VERSUS

KFK GROUP, INC. AND PELICAN
OUTDOOR ADVERTISING, INC.

NO. 20-CA-204

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 800-802, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 16, 2020

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED**
  **HJL**
  **RAC**
  **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
MARCO OUTDOOR ADVERTISING, INC.
 Michael E. Botnick
 J. Douglas Rhorer
 R. Ethan Zubic
 Micah C. Zeno
 Kristina M. Lagasse
 Fred L. Herman
 Matthew A. Sherman
 Meredith E. Chehardy

COUNSEL FOR DEFENDANT/APPELLEE,
KFK GROUP, INC. AND PELICAN OUTDOOR ADVERTISING, INC.
 Mary E. Roy
 Dan B. Zimmerman

**LILJEBERG, J.**

Plaintiff, Marco Outdoor Advertising, Inc., appeals the trial court's judgment, which granted the exception of *lis pendens* filed by defendants, KFK Group, Inc. and Pelican Outdoor Advertising, Inc., and dismissed plaintiff's lawsuit against them without prejudice. For reasons stated more fully below, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

On October 24, 2019, Marco filed the instant litigation in the 24th Judicial District Court for the Parish of Jefferson alleging that defendants violated the Louisiana Unfair Trade Practices Act and Consumer Protection Law ("LUTPA"), 51:1401, *et. seq.* Marco alleges that defendants applied for, obtained, and continually sought renewal of an outdoor advertising permit from the Louisiana Department of Transportation ("DOTD") to erect a billboard on property owned by KFK at 275 Whitney Avenue in Gretna, Louisiana. Marco claims that defendants had no intent to build the billboard, but rather continued to renew the permit to prevent Pelican's competitor, Marco, from constructing a billboard on adjacent property. Marco further claims that the KFK/Pelican permit was unlawfully issued by the DOTD because KFK's property was zoned in a mixed-use corridor district and the Jefferson Parish Code of Ordinances, Ch. 40, § 40-448(c), prohibited billboards on such properties.

Marco also filed a prior lawsuit against Pelican, KFK, and the DOTD in the 19th Judicial District Court for the Parish of East Baton Rouge in 2018. Marco explains in its petition that this prior litigation arose after the DOTD denied its application for an outdoor advertising permit to install an electronic billboard on property located at 5 Westbank Expressway in Gretna, Louisiana, which is adjacent to KFK's property. According to Marco, on May 14, 2018, the DOTD issued a final decision denying its permit application because the location of

Marco's proposed billboard would violate the 500-foot spacing requirement imposed by 70 LAC Pt III, § 134, as it would be located within 500 feet of the proposed billboard authorized by the permit issued to KFK and Pelican.

Marco alleges that in June 2018, it filed the lawsuit against the DOTD, KFK, and Pelican in the 19th Judicial District Court for East Baton Rouge Parish, Case No. C-670057 ("19th JDC lawsuit"). Marco explains that it requested the following relief from the trial court in the 19th JDC lawsuit: 1) issue a writ of mandamus directing the DOTD to void the permit issued to KFK and Pelican and issue the requested permit to Marco; and alternatively, 2) pursuant to La. R.S. 49:964, review the DOTD's decision to deny Marco's permit application, and alternatively; 3) enter a declaratory judgment that a) the DOTD unlawfully issued the permit to KFK and Pelican and should be voided; b) the DOTD improperly denied Marco's permit application, and c) that Marco is entitled to a permit to construct a billboard.

According to Marco, the 19th JDC trial court dismissed its requests for a writ of mandamus and for judicial review. Marco further alleges in its petition that on August 19, 2019, the trial court granted summary judgment in its favor on its request for declaratory judgment and determined that the DOTD improperly renewed KFK and Pelican's billboard permit because it violated Jefferson Parish zoning ordinances.[1] The DOTD and, separately, KFK and Pelican, suspensively appealed the 19th JDC trial court's judgment to the Louisiana First Circuit Court of Appeals. According to the September 24, 2019 order attached to Marco's petition in the instant litigation, the trial court in the 19th JDC lawsuit, granted their suspensive appeals. Marco also appealed two prior interlocutory rulings dismissing its first two claims for mandamus and judicial review. The parties

---

[1] La. R.S. 48:461.4(3)(a) provides that signs shall conform with "all applicable building codes and ordinances." The trial court in the 19th JDC lawsuit interpreted this language, along with applicable administrative rules and regulations established by the DOTD, to require the applicant to establish that the proposed permit complied with local zoning ordinances in order for the DOTD to issue a permit.

represent that these appeals are still pending before the First Circuit Court of Appeals.

After the conclusion of the proceedings in the 19th JCD lawsuit, Marco filed the instant litigation against KFK and Pelican on October 24, 2019, alleging the LUTPA violations explained more fully above. Marco explains in its petition that during discovery conducted in the 19th JDC lawsuit, KFK and Pelican produced emails sent between them wherein Pelican told KFK they needed to renew their permit to prohibit their neighbor from building a billboard near their property line. In response, KFK informed Pelican that it could not install a billboard because its lender would not approve financing. Pelican then replied that renewing the permit "just reserves our location", and stops the competition on the property next door from blocking them with a new permit and billboard. Marco alleges that with each renewal of their permit, defendants misrepresented their intent to construct a billboard to the DOTD and engaged in unfair trade practices to prohibit Marco from obtaining a permit.

In response to Marco's petition filed in the instant litigation, KFK and Pelican filed an exception of *lis pendens*, an exception of no cause of action, and a request for attorney's fees on December 4, 2019. In their exception of *lis pendens*, which is the subject of this appeal, defendants argued that Marco's lawsuit was subject to dismissal due to the previously filed 19th JDC lawsuit currently pending on appeal in the Louisiana First Circuit Court of Appeals. Defendants contend the lawsuits arise out of the same transactions or occurrences that is the issuance and renewal of defendants' billboard permit. They further argued that the two suits are both still pending as the first suit is still on appeal and both suits involve the same parties in the same capacities.

In opposition, Marco did not dispute that two lawsuits were pending between the parties. However, it argued that they did not arise of the same

transaction or occurrence because the 19th JDC lawsuit only involved claims directed against the DOTD due to its failure to follow its own rules and regulations in issuing the permit to defendants and denying Marco's application. In contrast, it argued that the claims in the instant litigation filed in the 24th JDC asserted a private cause of action against defendants to recover damages resulting from defendants' unlawful trade practices in renewing their application. Marco also claimed that the suits did not involve the same parties in the same capacities because it only joined KFK and Pelican as defendants in the 19th JDC lawsuit as nominal parties.

Following a hearing on March 9, 2020, the trial court granted defendants' exception of *lis pendens* and dismissed Marco's petition against them without prejudice. The trial court reduced its judgment to writing on March 16, 2020, and also dismissed defendants' exception of no cause of action as moot. Marco filed a motion for devolutive appeal on April 19, 2020, which the trial court granted the following day on April 20, 2020. Prior to filing its motion for appeal, Marco also requested written reasons for judgment and on June 10, 2020, the trial court provided the following reasons for granting defendants' exception of *lis pendens*:

> Though this suit and the suit originating in the 19th Judicial District seek to advance different causes of action, this Court finds that they both involve the same transaction or occurrence - the issuance and subsequent renewal of Pelican Outdoor Advertising and KFK Group's state billboard permit. Furthermore, the same parties are involved in both suits in the same capacities. Marco Outdoor Advertising, Inc., is Plaintiff in both suits. KFK Group, Inc., and Pelican Outdoor Advertising, Inc., are Defendants in both suits.

## DISCUSSION

On appeal, Marco argues that the trial court erred by sustaining defendants' exception of *lis pendens*:

La. C.C.P. art. 531 governs *lis pendens* and provides:

When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the

same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

"The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities." *Aisola v. La. Citizens Prop. Ins. Corp.,* 14-1708 (La. 10/14/15), 180 So.3d 266, 269. Thus, to grant an exception of *lis pendens* under La. C.C.P. art. 531, the following is required: 1) two or more suits pending in a Louisiana court or courts; 2) on the same transaction or occurrence; and 3) between the same parties in the same capacities. *Holmes v. Louisiana Citizens Property Ins. Co.*, 14-599 (La. App. 5 Cir. 2/25/15), 168 So.3d 800, 807. The test for ruling on an exception of *lis pendens* is to inquire whether a final judgment in the first suit would be *res judicata* in the subsequently filed suit. *Id.* In determining whether this requirement is met, the crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that is the subject matter of the first suit. *Citizens Sav. Bank v. G & C Development, LLC*, 12-1034 (La. App. 1 Cir. 2/15/13), 113 So.3d 1085, 1089.

The standard of review on a trial court's decision relating to an exception of *lis pendens* is whether the trial court abused its sound discretion. *Zen-Noh Grain Corp. v. Thompson*, 13-110 (La. App. 5 Cir. 8/27/13), 123 So.3d 777, 780. The party filing the exception of *lis pendens* has the burden of proving the facts necessary for the exception to be sustained. *See Harris v. La. Citizens Prop. Ins. Co.*, 14-120 (La. App. 5 Cir. 10/29/14), 164 So.3d 216, 222.

The parties do not dispute that two suits are currently pending. A suit is considered pending for *lis pendens* purposes if it is being reviewed by an appellate court. *Glass v. Alton Ochsner Med. Foundation*, 02-412 (La. App. 4 Cir. 11/6/02),

832 So.2d 403, 407, *writ denied*, 02-3018 (La. 3/13/03), 839 So.2d 37 and 02-2977 (La. 3/14/03), 839 So.2d 36. The parties agree that both at the time the trial court granted the exception of *lis pendens* in the 24th JDC lawsuit and now, the parties' appeals from the rulings in the 19th JDC lawsuit are still pending.

The second factor to consider is whether the two suits arise out of the same transaction or occurrence. La. C.C.P. art. 531. No one test exists to determine what constitutes the same transaction or occurrence; such determination is made on a case-by-case basis. *Black v. Exxon Mobil Corp.,* 14-524 (La. App. 5 Cir. 11/25/14), 165 So.3d 1013, 1015. Nevertheless, the jurisprudence has identified certain definitions, including "[a]ll logically related events entitling a person to institute legal action against another generally are regarded as comprising a 'transaction or occurrence.'" *Hy-Octane Invs., Ltd. v. G & B Oil Prods., Inc.,* 97-28 (La. App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060.

As noted above, the trial court answered this question in the affirmative and determined that the common subject matter of both cases is the issuance and renewals of defendants' outdoor advertising permits. On appeal, Marco argues that the subject matter of the 19th JDC lawsuit was whether the DOTD's denial of Marco's permit application violated rules and regulations applicable to the issuance of outdoor advertising permits, while the subject matter of the instant litigation pending in the 24th JDC is defendants' repeated renewals of their permit to block Marco from obtaining a permit to install a billboard on adjacent property. Marco argues that the 19th JDC lawsuit involved the appeal of an administrative decision of a state agency and did not address defendants' underlying motives for applying for and renewing the permit. Marco contends the instant litigation filed in the 24th JDC raises a private cause of action against competitors seeking damages for conduct with it alleges to constitute unfair trade practices.

We agree with the trial court's conclusion that both matters arise from the same transactions or occurrences that is the issuance and renewal of defendants' outdoor advertising permit. These transactions and occurrences are the central focus of both lawsuits. Marco filed the 19th JDC lawsuit seeking a declaration that the DOTD should not have issued the permit, and sought to void the permit and obtain its own billboard permit for the adjacent property. In that lawsuit, Marco further alleged that defendants "continue to renew their improper permit in an attempt to prevent Pelican's competitor, Marco, from erecting a billboard. . . ." The subsequently filed 24th JDC lawsuit is based on defendants allegedly improperly obtaining and renewing the permit to block Marco from obtaining a billboard permit. It is indisputable that these lawsuits arise from the same transactions and occurrences.

We further find that a final judgment in the 19th JDC lawsuit would be *res judicata* for the 24th JDC lawsuit. Marco appears to argue that the matters do not arise from the same transaction or occurrence because they involve different claims that is the appeal of an administrative decision and a private cause of action under LUTPA. First, we find that Marco's attempt to characterize its 19th JDC lawsuit as simply an appeal of an administrative ruling is simply not accurate. Marco not only sought review of the denial of its application, but a declaration against defendants from the 19th JDC trial court that defendants' permit was unlawful and void. Further, as noted above, the crucial inquiry for *res judicata* is not whether the matters involve the same cause of action, but whether they arise from the same transaction or occurrence.

In *Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 95-654 (La. 1/16/96), 666 So.2d 624, 632, the Louisiana Supreme Court held that an attempt by a party to litigate matters in a second suit that could have been raised in the first suit is barred by the doctrine of *res judicata*. Marco alleged in the 19th JDC lawsuit that

defendants acted improperly by renewing their permit to block it from obtaining a permit on the adjacent property. Marco could have and should have included its LUTPA claims against defendants in the 19th JDC lawsuit.

Accordingly, we find the trial court did not err by finding the two lawsuits arose from the same transactions or occurrences.

Finally, the third requirement for granting *lis pendens* is that the suits involve the same parties in the same capacities. La. C.C.P. art. 531. Marco argues that no identity of parties exists because the 19th JDC lawsuit was simply an appeal of the DOTD's denial of its permit application and did not involve KFK and Pelican as defendants. It further contends that KFK and Pelican's presence was not necessary for the resolution of the 19th JDC lawsuit. Marco claims the only reason it included KFK and Pelican as defendants is because La. C.C.P. art 1880 required it to include them as nominal parties. Article 1880 provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

KFK and Pelican were not nominal parties to the 19th JDC lawsuit which sought a declaration to declare their permit null and void. A "nominal party" is defined a "party to an action who has no control over it and no financial interest in its outcome; ... a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by a judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects." *Tipton v. Campbell*, 08-139, 08-140 (La. App. 4 Cir. 9/24/08), 996 So.2d 27, 47, *writ denied*, 08-2564 (La. 1/9/09), 998 So.2d 720, *citing* Bryan A. Garner, *Black's Law Dictionary*, 1154 (8th ed. 2004). On the contrary, under La. C.C.P. art. 1880, all parties who have an interest that would be affected by a declaratory judgment are *indispensable* parties to the declaratory judgment action. *Hernandez v. State, ex rel. Dept. of Transp. And*

*Development*, 02-162, 02-163 (La. App. 4 Cir. 10/16/02), 841 So.2d 808, 817, 818, *writ denied*, 03-261, 03-307 (La. 4/25/03), 842 So.2d 399.

In the 19th JDC lawsuit, Marco asked the trial court to void defendants' permit. It is simply incorrect for Marco to allege that the prior litigation did not directly involve defendants or that their presence in the lawsuit was not necessary or critical to protect their interests in their billboard permit.

Marco also argues the two suits do not involve the same parties in the same capacities because the DOTD is not a defendant in the 24th JDC lawsuit. However, the DOTD's absence from the instant litigation does not affect the "same parties" analysis. *See Fincher v. Insurance Corp. of America*, 521 So.2d 488, 490 (La. App. 4th Cir. 1988), *writ denied*, 522 So.2d 570 (La. 1988) ("the identity of parties requirement for *lis pendens* is also not an absolute requirement, but turns on whether the parties added or omitted would be necessary to reach a judgment on all of the issues asserted against the common parties in both suits").

The DOTD, a defendant in the 19th JDC Suit but not the 24th JDC Suit, is not necessary to reach a judgment on the only cause of action presented in the 24th JDC Suit, Marco's claim against Pelican and KFK for an alleged LUTPA violation. Thus, the absence of the DOTD from the 24th JDC Suit does not undermine the fact that the identity of parties factor has been met. Accordingly, we find that the third factor is satisfied.

## DECREE

For the reasons stated more fully above, we affirm the trial court's judgment that granted the exception of *lis pendens* and dismissed Marco's lawsuit against defendants without prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 16, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 20-CA-204

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
FRED L. HERMAN (APPELLANT)        MATTHEW A. SHERMAN (APPELLANT)        MICAH C. ZENO (APPELLANT)
MICHAEL E. BOTNICK (APPELLANT)    R. ETHAN ZUBIC (APPELLANT)           DAN B. ZIMMERMAN (APPELLEE)
MARY E. ROY (APPELLEE)

## MAILED

J. DOUGLAS RHORER (APPELLANT)        MEREDITH E. CHEHARDY (APPELLANT)
KRISTINA M. LAGASSE (APPELLANT)      ATTORNEY AT LAW
ATTORNEYS AT LAW                     ONE GALLERIA BOULEVARD
201 ST. CHARLES AVENUE               SUITE 1100
40TH FLOOR                           METAIRIE, LA 70001
NEW ORLEANS, LA 70170