ROYCE BUFKIN, JR.

VERSUS

KISHORE "MIKE" MOTWANI, QUARTER
HOLDINGS, LLC, AND XXX INSURANCE
COMPANY

NO. 23-CA-412

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 835-786, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

March 27, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

**JUDGMENT VACATED; MATTER REMANDED**
    **JGG**
    **SMC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROYCE BUFKIN, JR.
    Dominic N. Varrecchio

COUNSEL FOR DEFENDANT/APPELLEE,
KISHORE "MIKE" MOTWANI AND QUARTER HOLDINGS, LLC
    Steven M. Hannan
    Justin A. Caprera

**GRAVOIS, J.**

Plaintiff/appellant, Royce Bufkin, Jr., appeals the trial court's March 29, 2023 judgment which granted the exception of *lis pendens* filed by defendants/appellees, Kishore "Mike" Motwani and Quarter Holdings, LLC, dismissing plaintiff's suit without prejudice. For the following reasons, we vacate the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 9, 2022, plaintiff, Royce Bufkin, Jr., filed a "Petition for Damages, Breach of Lease, Breach of Contract, Breach of Promise, Rents Owed and Unpaid, Actual Property Damages to Rental Property caused by Lessee, and Abandonment of Lease by Lessee, with Jury Trial Demand" against defendants, Kishore "Mike" Motwani, Quarter Holdings, LLC, and "XXX Insurance Company."[1] Therein, plaintiff alleged that he owned a residential property located at 808-810 Bourbon Street in New Orleans, Louisiana, and on September 25, 2015, had entered into a written lease of said property with Quarter Holdings, LLC and its owner/manager, Kishore "Mike" Motwani. Plaintiff further alleged that defendants intentionally breached the terms of the lease, breached "related promises" made as inducements to have plaintiff enter into the lease, and as of March of 2020, had stopped paying the monthly rental payments. In addition, the petition alleged that the lessees had damaged and physically altered the property, making it unlivable and/or unrentable to future potential lessees, causing plaintiff to have to sell the property to a third party at a diminished price in April 2021.

Plaintiff further alleged that defendants/lessees solely drafted the lease and had legal representation, whereas he did not, and other litigation has ensued in

---

[1] Although "XXX Insurance Company" was named as a defendant in the suit, the record does not indicate that an insurance company was identified or cited and served in the suit. Thus, going forward, "defendants" shall refer to Kishore "Mike" Motwani and Quarter Holdings, LLC.

Orleans Parish, resulting in a judgment in favor of defendants/lessees placing them into sole possession of the property and evicting plaintiff.[2] The petition further alleged that other damages were sustained by plaintiff as a result of defendants' alleged breach of the lease.

On January 5, 2023, defendants filed "Peremptory Exception[s] of Prescription, Res Judicata, No Cause of Action, No Right of Action, Dilatory Exception of Nonconformity of Petition with Requirements of Article 891 and Declinatory Exception of Lis Pendens." In their memorandum in support of the exceptions, defendants admitted that the parties had indeed entered into a lease of the described premises, but defendants had to bring an action against plaintiff on or about May 2, 2016 for possession of the property pursuant to the lease, and defendants had obtained a judgment of possession of the property in their favor.[3]

In their memorandum, defendants stated that after the aforementioned judgment was rendered against plaintiff in 2016, plaintiff filed additional suits against defendants, all stemming from the same lease. Defendants indicated that plaintiff filed suit against defendants on September 12, 2018, in the 24th Judicial District Court for the Parish of Jefferson under Case No. 787-537, Division H, asserting damages from defendants' alleged breach of the lease, but that no dispositive steps were taken in that case following defendants' answer filed on January 31, 2019; as such, that case should be deemed abandoned pursuant to La. C.C.P. art. 561. Also, a suit was filed in Orleans Parish by a different plaintiff, but plaintiff herein filed a third-party demand and cross-claim in that matter against Quarter Holdings, LLC, again asserting causes of action and damages from Quarter

---

[2] *Quarter Holdings, LLC. v. Royce D. Bufkin, Jr.*, Civil District Court Case No. 2016-04384.

[3] This is the suit referred to in footnote 2.

Holdings, LLC's alleged breach of the lease.[4]  Earlier, as previously mentioned, the parties were involved in another suit filed in Orleans Parish, which ultimately evicted plaintiff from possession of the leased premises.[5]  Finally, the instant suit, the subject of this appeal, is the fourth suit between these parties concerning the lease and the leased premises.  Defendants claimed that the instant suit is the "exact matter" as the pending suit in Jefferson Parish, Case No. 787-537.

Defendants attached the following six exhibits to their memorandum in support of the exceptions:

- Exhibit A – a copy of the subject Lease of Commercial Property.

- Exhibit B – the Petition for Damages in *Bufkin v. Kishore "Mike" Motwani, et al*, Case No. 787-537, 24th Judicial District Court, Division H.

- Exhibit C – Pleadings filed in *Kevyn Miller v. Quarter Holdings, LLC, et al*, Case No. 2018-12102, filed in Civil District Court for the Parish of Orleans.

- Exhibit D – Judgment and Reasons for Judgment in *Kevyn Miller v. Quarter Holdings, LLC, et al*.

- Exhibit E – the May 15, 2017 Judgment with Incorporated Reasons rendered in *Quarter Holdings, LLC v. Bufkin*, Case No. 2016-4384, Civil District Court for the Parish of Orleans, the possession/eviction suit.

- Exhibit F – a document entitled "Notice of Termination of Lease Agreement" dated April 27, 2021 signed by plaintiff, Royce D. Bufkin, Jr.

Plaintiff opposed the exceptions.

The exceptions were set for a hearing on February 27, 2023.  Plaintiff's counsel filed a motion for continuance of the hearing on February 24, 2023, pleading ill health.  The parties appeared on February 27, 2023 for the hearing. Defendants opposed the continuance, but after listening to plaintiff's counsel, the

---

[4] *Kevyn Miller v. Quarter Holdings, LLC., et al*, Case No. 2018-12102, filed in Civil District Court for the Parish of Orleans.  Defendants alleged that the second claim was brought by plaintiff as a third-party demand and cross-claim in this personal injury suit, in which all the parties to the instant law suit were codefendants.  Defendants allege that the judge in that suit dismissed plaintiff's third-party claim and cross-claim pursuant to an exception of *lis pendens*.

[5] See footnote 2.

trial court granted the motion for continuance and re-set the matter for March 29, 2023. However, the matter was not heard in open court on that date. Rather, according to the minute entry for March 29, 2023 and the trial court's reasons for judgment issued that same day, "[a]t the request of plaintiff's counsel, and with the consent of mover, the court rules on brief without oral argument." Thus, the exceptions were not heard in open court, but were submitted on briefs. The trial court issued a judgment and reasons for judgment on March 29, 2023, granting the exception of *lis pendens*, dismissing the suit without prejudice, and finding the remaining exceptions moot. This timely appeal followed.

On appeal, plaintiff argues that the trial court erred in two respects. First, plaintiff admits that there is an "earlier pending" suit in the 24th Judicial District Court between the parties, but argues that the earlier-filed suit, *Bufkin v. Quarter Holdings, LLC, et al*, Case No. 787-537, 24th Judicial District Court for the Parish of Jefferson, Division H, is unrelated to the instant case and was filed prior to when the current claims between these parties became exigent, and which claims did not exist at the time the earlier litigation was filed. Second, plaintiff argues that the trial court erred in its judgment when stating, in its reasons for judgment, that the claims in the instant suit should have been brought in the earlier-filed suit by amendment, when the earlier-filed suit is "operationally and legally abandoned" as a matter of law, and thus cannot be amended.

## ANALYSIS

Louisiana Code of Civil Procedure article 531, which governs *lis pendens*, provides, in pertinent part:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by exception thereto as provided in Article 925. …

"The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities." *Marco Outdoor Advert., Inc. v. KFK Grp., Inc.*, 20-204 (La. App. 5 Cir. 11/16/20), 307 So.3d 339, 344, citing *Aisola v. La. Citizens Prop. Ins. Corp.*, 14-1708 (La. 10/14/15), 180 So.3d 266, 269. To grant an exception of *lis pendens* under La. C.C.P. art. 531, the following is required: 1) two or more suits pending in a Louisiana court or courts; 2) on the same transaction or occurrence; and 3) between the same parties in the same capacities. *Id.*, citing *Holmes v. Louisiana Citizens Property Ins. Co.*, 14-599 (La. App. 5 Cir. 2/25/15), 168 So.3d 800, 807. The test for ruling on an exception of *lis pendens* is to inquire whether a final judgment in the first suit would be *res judicata* in the subsequently filed suit. *Id.* In determining whether this requirement is met, the crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that is the subject matter of the first suit. *Id.*, citing *Citizens Sav. Bank v. G & C Development, LLC*, 12-1034 (La. App. 1 Cir. 2/15/13), 113 So.3d 1085, 1089. The standard of review on a trial court's decision relating to an exception of *lis pendens* is whether the trial court abused its sound discretion. *Id.*, citing *Zen-Noh Grain Corp. v. Thompson*, 13-110 (La. App. 5 Cir. 8/27/13), 123 So.3d 777, 780. The party filing the exception of *lis pendens* has the burden of proving the facts necessary for the exception to be sustained. *Id.*, citing *Harris v. La. Citizens Prop. Ins. Co.*, 14-120 (La. App. 5 Cir. 10/29/14), 164 So.3d 216, 222.

Defendants filed an exception of *lis pendens* which was granted. The evidentiary rules governing exception practice pertain to this matter. Upon our review and inspection of the record in the instant case, we have determined that defendants failed to formally admit any evidence in support of their exception of

*lis pendens*. We thus find that the trial court erred in granting the exception of *lis pendens* because, as indicated in its reasons for judgment, it relied upon exhibits attached to defendants' memorandum in support of their exceptions that were not introduced and admitted into evidence. The law is quite clear that evidence not properly and officially offered, introduced, and admitted into evidence cannot be considered, even if it is physically placed in the record. *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Id.*

While the parties may have agreed to the matter being submitted on briefs, this agreement did not accomplish the introduction and admission of the exhibits attached to defendants' memorandum in support of their exceptions into evidence, nor did the parties' apparent agreement to submit the matter on briefs constitute a waiver of evidentiary requirements. Also, the attachments to defendants' memorandum in support of their exceptions are not the type of matters of which the trial court could take judicial notice thereof pursuant to La. C.E. art. 201 (pertaining to judicial notice of adjudicative facts generally), and La. C.E. art. 202 (pertaining to judicial notice of legal matters).[6]

## DECREE

For the foregoing reasons, the trial court's judgment which granted the exception of *lis pendens* and dismissed plaintiff's suit without prejudice is vacated. The matter is remanded to the district court for further proceedings.

**JUDGMENT VACATED;**
**MATTER REMANDED**

---

[6] Regarding the evidence pertaining to the other suits, see, for example, *Shannon v. Vannoy*, 17-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 450 ("Although a court may take judicial notice of its own proceedings, Article 202 does not allow, nor has it ever been interpreted to allow, courts to take judicial notice of suit records in other courts. Documentation of other courts' proceedings must be offered into evidence in the usual manner.")

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-412

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
JUSTIN A. CAPRERA (APPELLEE)            STEVEN M. HANNAN (APPELLEE)

**MAILED**
DOMINIC N. VARRECCHIO (APPELLANT)
ATTORNEY AT LAW
1539 JACKSON AVENUE
SUITE 100
NEW ORLEANS, LA 70130